LAURENCE H. H. JOHNSON, executor, *vs.* CAROLINE B. FOSTER.

Suffolk. March 5, 1915. — May 21, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Evidence,* Opinion, Declarations of deceased persons, Of mental condition, Remoteness. *Fraud and Undue Influence. Practice, Civil,* Conduct of trial, Judge's charge.

At the trial of issues as to the soundness of mind of an alleged testator and as to whether the execution of a will and the execution of a codicil by him were procured by fraud or undue influence, a witness, who had had great opportunities for observing the alleged testator, was asked as to a certain period "What did you notice in that period about [the alleged testator]; that is, what facts did you notice to show as to whether he was easily influenced?" The witness answered, "He was childish," and this answer was stricken out by order of the presiding judge against the exception of the contestant of the will. The witness on further examination apparently stated all the facts from which he drew his conclusion, and they appeared to be neither complex, difficult of statement or description nor full of minute detail. *Held,* that under these circumstances there was no error in striking out the conclusion of fact made by the witness

which approached so nearly the inferences which it was the province of the jury to draw from the facts presented to them.

*It seems* that a witness properly may be allowed to state a conclusion of fact at which he arrived as the result of his personal observation, when the facts upon which his inference was based are so complex and so difficult to narrate as to make their presentation to the jury impracticable.

Whether a declaration of a deceased person which is offered in evidence was made "upon the personal knowledge of the declarant" is a preliminary question to be decided by the presiding judge before the declaration can become admissible under R. L. c. 175, § 66, and the judge's conclusion of fact on such preliminary question is not subject to revision unless manifestly wrong.

At the trial of issues as to the soundness of mind of an alleged testator and as to whether the execution of a will and the execution of a codicil by him were procured by fraud or undue influence, where it appeared that the alleged codicil was executed nine years later than the alleged will, the presiding judge in the exercise of his discretion limited the evidence of the alleged testator's mental condition to a period beginning four years before the date of the alleged will and ending four years after the date of the alleged codicil, when a major surgical operation was performed upon the alleged testator, and excluded evidence of the alleged testator's appearance, conduct and habits of life after that time. *Held*, that there was nothing unfair or arbitrary about the judge's exercise of his discretion, and that an exception to the exclusion of the evidence must be overruled.

Where, at the trial of issues as to the soundness of mind of an alleged testator and as to whether the execution of a will and that of a codicil by him were procured by fraud or undue influence, the presiding judge in his charge, has stated the law accurately and clearly and has made correct statements of the evidence, it is no ground for exception to his charge, that he saw and called attention to more possible defects and inherent defaults in the testimony of the contestant's witnesses than he saw or pointed out in commenting on the testimony of the witnesses for the executor.

PETITION in the Probate Court for the county of Suffolk dated March 28, 1913, for the allowance of an alleged will and codicil of Henry A. Wheelwright, late of Boston, who died on March 15, 1913, at the age of eighty-six years.

The Probate Court made a decree allowing the will and codicil, from which Caroline B. Foster, who was a cousin of the testator and his sole heir at law and next of kin, appealed to the Supreme Judicial Court. By an order of that court the following issues were framed for a jury and were sent to the Superior Court for trial.

"First Issue: Was the alleged will of Henry A. Wheelwright duly executed?

"Second Issue: Was the alleged codicil to said will duly executed?

"Third Issue: Was the said Henry A. Wheelwright at the time of the execution of said will of sound mind?

"Fourth Issue: Was the said Wheelwright at the time of the execution of said codicil of sound mind?

"Fifth Issue: Was the said codicil obtained by fraud or undue influence on the part of William Laurence Underwood, or Francis L. Underwood, or both?

"Sixth Issue: Was the residuary clause of the said alleged codicil procured by fraud or undue influence on the part of Francis L. Underwood and William Laurence Underwood, or either of them?"

The issues were tried before *King*, J. Upon each of the first four issues the jury answered, "Yes." Upon the fifth and the sixth issues the jury answered, "No." The appellant Caroline B. Foster alleged exceptions, raising the questions which are stated in the opinion.

The devise of land for a public park contained in the will, which is referred to in the opinion, was of certain real estate in Cohasset which was to be conveyed for that purpose to the trustees of public reservations. This devise was not mentioned in the codicil.

*W. D. Turner*, (*S. S. FitzGerald* with him,) for the appellant.

*R. G. Dodge*, for the appellee.

PIERCE, J. The appellant contends that there was error in the admission and exclusion of evidence, in the refusal to rule that the effect of the provision of the codicil is to revoke the devise of land for a public park, and also that the summing up of the evidence by the presiding judge was incorrect, unfair and prejudicial to her side of the case.

To a witness, Miss O'Connell, who had had great opportunities of observation, this question was put: "Taking the time immediately after the death of Mrs. Edward Wheelwright and just before January of 1908 when this codicil was signed, what did you notice in that period about Mr. Henry Wheelwright; that is, what facts did you notice to show as to whether he was easily influenced?" She answered, "He was childish." This answer was objected to by counsel for the petitioner, and against the contestant's objection was stricken out; and the contestant duly excepted.

It will not suffice to say that the answer was not responsive or that it was an expression of opinion. It was a fact, a conclu-

sion of fact, the resultant of data collected in the observation of the decedent for a considerable period of time. In arriving by inference at a conclusion of fact, opinion and judgment necessarily play their part, and a statement which is in truth a fact is not necessarily to be rejected because involving an opinion. *Jenkins* v. *Weston*, 200 Mass. 488, 493. *Partelow* v. *Newton & Boston Street Railway*, 196 Mass. 24. The vital question was whether the facts were so complex and difficult to state as to make their presentation to the jury impracticable; if so, the testimony should not have been rejected; if not, especially when the conclusion of fact is most material to the fact in issue, the facts and the inferences to be drawn therefrom were in the province of the jury alone to determine. Following the rejection of the testimony the witness apparently stated all the facts from which she drew her conclusion, and they appear to be neither complex, difficult of statement or description, nor full of minute detail. It follows that there was no error, and the exception must be overruled.

Another witness, Richard W. Hale, testified: "Before the death of my mother, who died in 1904, in accepting an invitation from Mrs. Edward Wheelwright I had in error addressed my acceptance to Mrs. Henry Wheelwright, and I had received the envelope back in an envelope directed to me in Mrs. Edward Wheelwright's handwriting. I then spoke to my mother." The witness then was asked what his mother said. The counsel for the petitioner objected to this question and the jury were excused. The witness then stated that his mother said to him, "You have seen him personally and you know what he is, — a body without a mind." That she said the error was a shocking one, particularly so because of Henry Wheelwright's mental condition. The judge then said, "I exclude the evidence upon the ground that I am unable to find that the statement claimed to have been made by the witness's mother, now deceased, was made upon the personal knowledge of the declarant, and also upon the ground that it is incompetent as an expression of an opinion and not the statement of a fact within the knowledge of the declarant," and the contestant duly excepted.

The judge, in passing upon the preliminary question of the admissibility of declarations of deceased persons as required by

R. L. c. 175, § 66, has the right and duty of passing upon the credibility of witnesses and statements, and his conclusions of facts are not reviewable by this court unless manifestly wrong. *Slotofski* v. *Boston Elevated Railway*, 215 Mass. 318, 321. No direct evidence shows the extent of Mrs. Hale's opportunities of observation, or that the statement was based upon personal and adequate knowledge of the facts of Mr. Henry Wheelwright's life. The ruling was right and the exception must be overruled.

The decedent had made his will in 1899, and his codicil in 1908. The judge in the exercise of his discretion, which in no sense appears unfair or arbitrary, had limited the evidence of the testator's mental condition to a period beginning in 1895, four years before the date of the will, and ending with a major surgical operation which was performed upon him in January, 1912. The exceptions taken to the exclusion of evidence of the testator's appearance, conduct and habits of life after January, 1912, must be overruled. *Jenkins* v. *Weston*, 200 Mass. 488, 493. *Brown* v. *Brown*, 209 Mass. 388, 395. *Aldrich* v. *Aldrich*, 215 Mass. 164, 168.

There is nothing to indicate that the possibility of the codicil being so construed as to revoke the devise of land for a park was ever in the contemplation of any one. So far as concerns the matters at issue in the case at bar it would seem to be a mere moot question. The exception to the refusal to pass upon this question must be overruled.

It is clear that the presiding judge was not unduly prejudiced in favor of the claim of the contestant, but his charge as to the law was accurate and clear, and his corrected statements of fact find support in the evidence. It is probably true that he saw and called to the attention of the jury more possible defects and inherent defaults in the testimony of the contestant's witnesses than he saw or pointed out in commenting upon the testimony of the proponent's witnesses, but so long as a judge states only the truth and does not misstate the law, there is no legal ground of exception. *Beal* v. *Lowell & Dracut Street Railway*, 157 Mass. 444, 448. *Partelow* v. *Newton & Boston Street Railway*, 196 Mass. 24, 34, 35. *Whitney* v. *Wellesley & Boston Street Railway*, 197 Mass. 495, 502.

*Exceptions overruled.*