HENRY C. WINSLOW, administrator, *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Middlesex.   March 29, 1928. — May 28, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Negligence*, Contributory, In use of highway, Street railway.

At the trial of an action by an administrator against a street railway company for causing conscious suffering and the death of a boy eight years of age who, accompanying a boy thirteen years of age with his mother's permission, was approaching the defendant's tracks at a place "commonly used for people to travel across the tracks" over a space fifty-four feet wide in a boulevard from which there was an unobstructed view of several hundred feet in the direction from which a street car of the defendant was approaching, when he was struck by the car, the com-

panion testified that, when near the track, he suddenly looked and saw "there was a car right on top of us and I jumped back" and tried to save the plaintiff's intestate, but failed; and there was evidence that the plaintiff's intestate, before starting to cross the way, had looked in the direction from which the car was approaching, that the car was moving at the rate of fifteen to twenty miles per hour, that a rule of the defendant for the operation of cars required the gong to be sounded at all points where vehicles or persons were crossing, or approaching, and that the motorman did not comply with that rule. *Held,* that, the questions, whether the intestate was guilty of contributory negligence, and whether the motorman was negligent, were for the jury.

TORT for causing conscious suffering and the death of Henry C. Winslow, Jr., on April 17, 1924. Writ dated November 14, 1924.

In the Superior Court, the action was tried before *Keating,* J. Material evidence is stated in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in its favor. The motion was denied. There was a verdict for the plaintiff on a count for conscious suffering in the sum of $1,000, and on a count for the causing of death in the sum of $5,500. The trial judge reported the action to this court for determination.

*C. S. Walkup, Jr.,* for the defendant.

*T. F. Vahey,* for the plaintiff.

BRALEY, J. This is an action of tort brought by the plaintiff to recover damages for the conscious suffering and death of his intestate who was nearly eight years of age. The accident happened at the Fellsway and Second Street in the city of Medford shortly after five o'clock in the afternoon of April 17, 1924, where the intestate was struck by a car of the defendant. The jury having returned a verdict for the plaintiff on each count, the case is here on the report by the trial judge. It is contended by the defendant that its motion for a directed verdict should have been granted because the intestate did not exercise due care and there was no evidence of the defendant's negligence.

The jury warrantably could find that the intestate, whose home was on the Fellsway at the second house from the corner of Second Street, having obtained permission from his mother to accompany one Richard John Collins, about thirteen years

old, engaged in selling newspapers, went with Collins at
about five o'clock in the afternoon of April 17, 1924, from
Second Street to pass to the opposite side of the Fellsway to
Sidney Street.  The intestate looked to his left when he
started on Second Street, and with Richard then walked
slowly towards the car tracks, using the street at a place
"commonly used for people to travel across the tracks."  The
intestate, also, as the jury could say, well might assume that
his mother, who was familiar with the location of the tracks
and of the crossing, would not have given her permission for
him to go across with Richard unless she thought that he
could do so safely.  The distance passed over before the
tracks were reached was about fifty-four feet, and the view
toward Boston on the outbound track on the intestate's left
was unobstructed for several hundred feet.  The intestate
with his companion approached the track, when, as Richard
testified, he suddenly looked and saw "there was a car right
on top of us and I jumped back," and tried to save Henry
who was on his right, but failed in the attempt and the intes-
tate was struck by the car and thrown under the right front
wheel or front truck.  The jury were to determine whether
the intestate, having looked before he began to cross, should
have again looked as he approached the tracks and whether
if he had looked he would not have been injured.  *McDermott*
v. *Boston Elevated Railway,* 184 Mass. 126.  *Robbins* v.
*Springfield Street Railway,* 165 Mass. 30.  *Hennessey* v.
*Taylor,* 189 Mass. 583, 585, 586.  *McGrath* v. *Boston Ele-
vated Railway,* 257 Mass. 541, 544.

It could be found by the jury that the car was moving at
a speed from fifteen to twenty miles an hour, and that the
motorman, using reasonable diligence, could have seen the
intestate before he was within three feet of him walking
across and had reached the center of the crossing.  The rules
of the street railway company for the operation of cars also
required the gong to be sounded at all points where vehicles
or persons are crossing, or approaching, and there was
evidence introduced by the plaintiff of the failure of the
motorman to comply with the rule.  The question of the
defendant's negligence also was for the jury.  *Burns* v.

*Worcester Consolidated Street Railway*, 193 Mass. 63.  *Chadbourne* v. *Springfield Street Railway*, 199 Mass. 574, 578.

In accordance with the terms of the report, judgment is to be entered on the verdict for conscious suffering in the sum of $1,000 and on the verdict for death in the sum of $5,500.

*So ordered.*