BARTHOLOMEW RISTUCCIA, administrator, vs. BOSTON
ELEVATED RAILWAY COMPANY.

Middlesex.   May 16, 1932. — June 30, 1933.

Present: RUGG, C.J., CROSBY, WAIT, FIELD, & DONAHUE, JJ.

*Negligence*, In use of way, Street railway, Contributory, Causing death.
*Practice, Civil*, Judge's charge, Exceptions.

At the trial of an action against a street railway company for causing
conscious suffering and the death of a pedestrian who was struck at
night by a street car of the defendant as he was crossing a street, there
being testimony that there was no cross walk at the place where he
crossed, there was no error in instructions to the jury that, although a
pedestrian crossing a street is not obliged by law to use a cross walk,
nevertheless, whether the intestate crossed on a cross walk or not was
"important evidence" and an "important circumstance" for the
jury to consider in deciding the issues of the defendant's negligence
and the contributory negligence of the decedent;  nor could it be
said, in view of the entire charge, that the trial judge unduly emphasized
a particular part of the evidence to the prejudice of the plaintiff or
that the attention of the jury was "diverted from the true questions
of the case."
There was no error, at the trial above described, in a further portion of
the charge that, in deciding the question of the defendant's culpa-
bility, the jury "ought to consider all the circumstances, — the con-
dition of traffic, the nature of the evening, the weather conditions, and
the likelihood of a person appearing on the track . . . at that par-
ticular time, because that bears on, has great importance on this
issue of culpability."
Where a party to an action alleged only general exceptions to such por-
tions of the trial judge's charge as related to a certain point, without
having brought to the judge's attention any specific language, it was
*held*, that, the charge on the point in question being correct as a whole,
the excepting party could not be heard in this court to object to any
specific language;  and that the exceptions must be overruled.

TORT.   Writ dated June 13, 1928.

The action was tried in the Superior Court before *J. J.
Burns*, J.   Material evidence, portions of the charge to
the jury and exceptions saved by the plaintiff are described
in the opinion.   There was a verdict for the defendant.

The judge reported the action for determination by this court.

*E. J. Fegan,* for the plaintiff.

*Joseph P. Sullivan,* (*A. F. Bickford* with him,) for the defendant.

FIELD, J.  This is an action of tort brought by the administrator of the estate of Rosaria Ristuccia to recover compensation for her death and conscious suffering as a result of her being struck and knocked down, while crossing a street, by an electric car of the defendant.  The defendant's motion for a directed verdict was denied, but the jury returned a verdict for the defendant.  The case comes before us on the plaintiff's exceptions to parts of the charge and on a report by the trial judge containing the following: "I report this case for a determination by the Supreme Judicial Court under the stipulation that if I was in error in submitting the case to the jury, and in refusing to direct a verdict for the defendant, judgment is to be entered for the defendant, but that if I was right in submitting the case to the jury, the verdict of the jury is to stand, subject to the plaintiff's bill of exceptions."

The plaintiff's intestate when crossing Somerville Avenue in Somerville was struck and knocked down by an electric car of the defendant, travelling west on Somerville Avenue, and sustained bodily injuries, as a result of which she died after conscious suffering.  The accident happened January 9, 1928, at about 5:42 P.M.  There was evidence that the deceased, who was walking on the sidewalk on the north side of the street, had to cross the street to the sidewalk on the south side in order to reach her destination, and that after waiting for an opportunity to get across the street through the traffic which was coming along she saw an opening in the traffic, started to walk across and, while doing so, was struck by the defendant's electric car.  There was testimony "that at the locus of the accident there was no cross walk."  But it does not appear in the plaintiff's bill of exceptions, which, however, does not purport to state all the evidence material to the questions raised thereby,

that there was no cross walk reasonably available for the use of the deceased in the course of her journey.

The parts of the charge to which the plaintiff excepted were as follows: "It is true, as stated by both counsel, that there is no obligation in this Commonwealth for a plaintiff to cross a highway only on a cross walk. Nevertheless, that she did not cross on a cross walk is important evidence on the question of the defendant's lack of due care and on the question of the plaintiff's failure to exercise due care, because it is obvious that there is less likelihood of an operator, a motorman, being negligent with reference to people who are not on the cross walk than there would be towards people who were on a cross walk. And, conversely, the test of the plaintiff's lack of due care requires that you consider as an important circumstance whether or not the plaintiff crossed at a cross walk, even though there is no affirmative obligation by the law of this Commonwealth for a pedestrian to use a cross walk. . . . What you are trying to do once you come to the question of responsibility is to impose a fine on the defendant according to the degree of culpability; and on that question it is only fair to say that you ought to consider all the circumstances, — the condition of traffic, the nature of the evening, the weather conditions, and the likelihood of a person appearing on the track in Somerville Avenue at that particular time, because that bears on, has great importance on this issue of culpability."

The charge was not erroneous. There properly is no dispute as to the correctness of the statements "that there is no obligation in this Commonwealth for a plaintiff to cross a highway only on the cross walk," and that "there is no affirmative obligation by the law of this Commonwealth for a pedestrian to use a cross walk." The deceased had a legal right to cross elsewhere. Crossing elsewhere was not in itself negligence on her part and did not relieve the defendant of the duty to exercise care to avoid injuring her. *Boni* v. *Goldstein,* 276 Mass. 372, 376, and cases cited. Compare *Booth* v. *Meagher,* 224 Mass. 472, 473; *Hicks* v. *H. B. Church Truck Service Co.* 259 Mass. 272, 277. These

principles were stated clearly in the charge and other statements therein are to be considered in connection with the statement of these principles.

Though the deceased had a legal right to cross the street elsewhere than at a cross walk, the care required of her and of the defendant's motorman was reasonable care in the existing circumstances. *Nelson* v. *Old Colony Street Railway*, 208 Mass. 159, 162. *Joughin* v. *Federal Motor Transportation Co.* 279 Mass. 408, 411. As was said in *Kerr* v. *Boston Elevated Railway*, 188 Mass. 434, 436, of a bicyclist who was struck by an electric car, "The plaintiff had the right to travel upon any part of the highway, and could choose the path he took if he pleased. But the care required of him varied with the danger. If that path subjected him to a liability to be hit by a passing car he was bound to use reasonable care to avert such a collision. But he had the right to expect corresponding care on the part of the motorman."

The fact, if found, that the deceased was crossing the street elsewhere than at a cross walk was a material circumstance for the consideration of the jury in determining whether the requisite care was exercised by the deceased and by the defendant. Though reasonable care on the part of the motorman was required, what constituted reasonable care on his part depended to some extent on the likelihood that persons would be on the car tracks at any particular place. On this point it was said in *Nelson* v. *Old Colony Street Railway*, 208 Mass. 159, 161–162, of the care required of a motorman, that the "diligence to be exercised where little travel is to be anticipated, does not call for the precautions as to speed and readiness of control, or the diligence and attention usually demanded, where from experience or observation the motorman knows that . . . travel has been, or is likely to be transferred to the portion occupied by the track." See also *Anger* v. *Worcester Consolidated Street Railway*, 231 Mass. 163, 164. On the other hand, a pedestrian crossing electric car tracks, to the extent that "he was entitled to rely . . . on the expectation that the motorman would not fail to take . . . precautions to

prevent injuries to pedestrians crossing the track," could rely only on the motorman taking "such precautions . . . as traffic conditions required." *McBride* v. *Middlesex & Boston Street Railway*, 276 Mass. 29, 34. In *Shea* v. *Boston Elevated Railway*, 217 Mass. 163, 165, there was evidence that the plaintiff, a pedestrian, crossed the street at a cross walk, and it was said that "It is settled that . . . the plaintiff had the right to assume that the motorman would give the usual warning and so would slacken the speed as to protect travellers whose presence at the crossing in the operation of the railway might be expected." See also *McDermott* v. *Boston Elevated Railway*, 184 Mass. 126, 129. And in the leading case in our reports dealing with the rights of foot passengers crossing streets (*Raymond* v. *Lowell*, 6 Cush. 524) the court said that there "is no law or principle of law, or of reason, which confines foot-passengers to particular crossings," cited two English cases to that effect, quoted the remark of Chief Justice Denman in one of them (*Boss* v. *Litton*, 5 Car. & P. 407), that "A man has a right to walk in the road if he pleases. It is a way for foot-passengers as well as carriages. But he had better not, especially at night, when carriages are passing along," and said further that "if a foot-passenger, instead of availing himself of a crossing especially prepared, chooses to cross at another place," he must "exercise a caution and prudence adapted to the nature of the case." Pages 530, 531. The court was there dealing with a hazard due to an alleged defect in the way, but the principle is applicable to hazards due to traffic conditions reasonably to be anticipated.

Frequent references, in our opinions dealing with actions by pedestrians against street railway companies based on negligence, to the fact that the pedestrian did or did not, as the case may be, cross at a cross walk imply that it is a material circumstance whether the pedestrian crosses at a cross walk or elsewhere. In the following cases there was evidence, referred to in the opinions, that the pedestrian did not cross the tracks at a cross walk: *Mathes* v. *Lowell, Lawrence, & Haverhill Street Railway*, 177 Mass. 416, 421;

*Murphy* v. *Boston Elevated Railway*, 188 Mass. 8; *Smith* v. *Boston Elevated Railway*, 202 Mass. 489, 490; *Berg* v. *Old Colony Street Railway*, 208 Mass. 434, 435; *Driscoll* v. *Boston Elevated Railway*, 233 Mass. 232, 233. Among the cases in which the court referred to evidence that the pedestrian crossed the tracks at a cross walk are *Donovan* v. *Bernhard*, 208 Mass. 181, *Mullen* v. *Boston Elevated Railway*, 209 Mass. 79, 80, *O'Toole* v. *Boston Elevated Railway*, 211 Mass. 517, 518, *Lucarelli* v. *Boston Elevated Railway*, 213 Mass. 454, 455, *Newburg* v. *Fitchburg & Leominster Street Railway*, 219 Mass. 21, 22, *Healy* v. *Boston Elevated Railway*, 235 Mass. 150, 152, and *Scherer* v. *Boston Elevated Railway*, 238 Mass. 367, 368. In *Winslow* v. *Boston Elevated Railway*, 264 Mass. 15, 17, the pedestrian was using the street at a place "commonly used for people to travel across the tracks." See also *Murphy* v. *Armstrong Transfer Co.* 167 Mass. 199, 200; *Adams* v. *Boston & Northern Street Railway*, 191 Mass. 486, 487; *Kiley* v. *Boston Elevated Railway*, 207 Mass. 542, 544; *Keaveny* v. *Moran*, 208 Mass. 277, 278. Obviously the significance of evidence that a pedestrian did or did not cross a street at a cross walk lies in the greater reason to expect persons to be on the tracks at a cross walk than elsewhere.

Since the fact, if found, that the deceased was crossing the street elsewhere than at a cross walk was a material circumstance for the consideration of the jury, it was proper for the judge to direct their attention to the evidence tending to prove that fact. That the judge characterized the evidence as "important" instead of using the technical legal word "material," which might have been less readily understood by the jury, is not ground for exception. See *Durant* v. *Burt*, 98 Mass. 161, 168; *Whitney* v. *Wellesley & Boston Street Railway*, 197 Mass. 495, 502. Nor, in view of the charge as a whole, can it be said that the judge unduly emphasized a particular part of the evidence to the prejudice of the plaintiff (see *Johnson* v. *Foster*, 221 Mass. 248, 252), or that the attention of the jury was "diverted from the true questions of the case." See *Beal* v. *Lowell &*

*Dracut Street Railway,* 157 Mass. 444, 448. No such conclusion is to be drawn from the fact that one portion of the charge excepted to was followed closely by the admittedly correct statement of law of general application, to which no exception was taken, that "there is a very important principle . . . that a plaintiff who voluntarily places himself or herself in a position of danger is barred from recovery." The charge did not, even by implication, restrict the application of this principle to places where there were no cross walks.

The plaintiff's exceptions to the charge are general exceptions to those parts of it which relate to the materiality or importance of the evidence that the deceased crossed the street elsewhere than at a cross walk. And they have been so argued before us. For the reasons stated these general exceptions cannot be sustained. If the plaintiff objected to any specific language used, as, for example, the statement of the reason for the materiality or importance of the evidence in question, he should have brought this language to the judge's attention. Having failed to do so he cannot now be heard to object. *Commonwealth* v. *Meserve,* 154 Mass. 64, 75. *Beal* v. *Lowell & Dracut Street Railway,* 157 Mass. 444. *Hamilton* v. *Boston Elevated Railway,* 213 Mass. 420, 423. *Anzoni* v. *Gosse,* 274 Mass. 522, 525–526. Compare, however, *Rock* v. *Indian Orchard Mills,* 142 Mass. 522, 530; *Maloy* v. *Boston Elevated Railway,* 217 Mass. 108, 109; *MacGilvray* v. *Boston Elevated Railway,* 229 Mass. 65, 67; *Mathewson* v. *Edison Electric Illuminating Co. of Boston,* 232 Mass. 576, 581; *McGrath* v. *Boston Elevated Railway,* 257 Mass. 541, 543; *Weiner* v. *Boston Elevated Railway,* 262 Mass. 539, 541.

The principles applicable to the parts of the charge dealing with negligence are applicable also to the part of the charge dealing with the degree of the defendant's culpability. We find no error therein.

Since the plaintiff's exceptions must be overruled, it is unnecessary to determine whether the denial of the motion for a directed verdict for the defendant was erroneous. In

any event the verdict for the defendant is to stand, and, since "all the facts necessary for determining the question in dispute" are before us, judgment should be entered for the defendant. See G. L. (Ter. Ed.) c. 231, § 124.

*Plaintiff's exceptions overruled.*
*Judgment for the defendant.*