ANNA M. MANSELL *vs.* KENNETH LARSEN.

Suffolk.    April 13, 1942. — May 28, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

Practice, *Civil*, Charge to jury; Requests, rulings and instructions; Exceptions: general exception.

From instructions to the jury at the trial of an action for damages resulting when the plaintiff's automobile, as he was turning to his right to enter an intersecting street, was struck from behind on that side by the defendant's automobile, the jury must have understood that, in determining the issues of negligence of the defendant and contributory negligence of the plaintiff, they were to consider the whole evidence, including violation by the defendant of the statutory law of the road; and therefore an exception by the plaintiff to a refusal to give in terms a ruling based on the statute and a general exception to the charge on the subject were overruled.

TORT. Writ in the Municipal Court of the City of Boston dated September 2, 1938.

On removal to the Superior Court, the case was tried before *Sheehan*, J.

*F. D. Harrigan*, for the plaintiff.

*D. H. Fulton*, for the defendant, submitted a brief.

Cox, J. The plaintiff allegedly sustained injuries when her automobile, which she was operating, was in collision with an automobile operated by the defendant. In the action, tried with this case, that was brought by the plaintiff's companion against the defendant, the jury returned a verdict for the plaintiff, but in the case at bar, the verdict was for the defendant. The plaintiff's exceptions are to the alleged failure of the trial judge to give her second request, and to portions of his charge.

The collision occurred at Kenmore Square, in Boston, near the intersection of Deerfield Street with Commonwealth Avenue "as this avenue is traversed by Beacon Street," and at a point where the outbound section of the avenue is about fifty-two feet wide from the curb to the reservation that divides it. There was evidence that the plaintiff was proceeding westerly on Commonwealth Avenue, intending to turn to her right into Deerfield Street. She signalled with her hand that she was making a right turn, and was proceeding on a "slant," when the automobile operated by the defendant, which had been following her, collided with the right side of her automobile and passed it.

Traffic lights control the movement of traffic in and about Kenmore Square, and there seems to have been no question that at the time of the collision these lights indicated that traffic was to proceed out Commonwealth Avenue, into Beacon Street or Brookline Avenue, or to the right into Deerfield Street. The evidence was conflicting as to where the two automobiles were in the roadway just before the collision. There was evidence that the plaintiff was on the right-hand side of the street. There was other evidence that she was travelling in the center lane of the outbound side of Commonwealth Avenue, and also that she was in the third lane from the curb. The plaintiff testified that when she signalled for the right turn, the defendant's automobile was "coming up in back of her about six or eight car lengths," and that he was "directly" back of her.

There was other evidence that when the plaintiff signalled for the turn, the defendant's automobile was on her right. The defendant, without objection, introduced in evidence certain rules of the Boston traffic commission, presumably adopted in accordance with the provisions of St. 1929, c. 263. It could have been found that the defendant was travelling at a rate of speed greater than was reasonable and proper.

The plaintiff's second request, which she alleges the trial judge failed to give, was that "Under the Law of the Road, Chapter 89, Section 2, the defendant was forbidden to pass the plaintiff's car on the right and under the law he was required to drive a safe distance to the left of the plaintiff's car and his conduct was a violation of the Statute and such violation is evidence of negligence on his part." The bill of exceptions contains the charge to the jury, "so far as material." The jury were told, in effect, that § 2 of said c. 89 (see St. 1933, c. 301) provides that the driver of a vehicle, passing another vehicle travelling in the same direction, shall drive to the left if there is sufficient room, and that the other driver shall not wilfully obstruct him. The judge then read to the jury the traffic rules that were in evidence and instructed them as follows: "And so you will take into consideration the traffic provisions adopted by the Traffic Commission of the City of Boston to which I have directed your attention, in dealing with the provisions of the statutes as to passing on the left of the traveled part of the way; and it is for you to say in consideration of all of the evidence that you have heard as to whether there was negligence on the part of the defendant in the manner in which he operated his car at the time and at the place indicated, and under the circumstances that existed at that time. If you should find in consideration of the evidence that there was a violation on the part of the defendant or on the part of the plaintiff as far as any of the provisions of the statute to which I have directed your attention is concerned, then if that violation contributed to the accident, that would be negligence on the part of the violator of the provision. If however there was a violation

and it was a mere incident in the whole situation that then and there existed, then it would be merely evidence of negligence for you to consider in considering the whole case, in determining just as to who if anybody was negligent in the operation of these respective cars." The judge was not required to give the plaintiff's second request in its precise language. It appears from what he did say that the jury was to take into consideration the traffic rules, and that it was for them to say, upon all the evidence, whether the defendant was negligent in the circumstances that existed at the time. The jury were told that if there was a violation on the part of the defendant or on the part of the plaintiff of any provision of the statute, and that violation contributed to the injury, that would be negligence on the part of the violator. We are of opinion that the plaintiff's second request was adequately dealt with at the time. *Smith* v. *Conway*, 121 Mass. 216, 218, 219. *Anzoni* v. *Gosse*, 274 Mass. 522, 525. See *Gallagher* v. *Wheeler*, 292 Mass. 547, 554, 555.

The judge dealt with the question of negligence, the reciprocal duties of the operator of each automobile, the question of speed, and the obligation of one approaching an intersection of streets, to the evident satisfaction of all parties. When he had finished, he asked counsel if there was anything he had not said that they thought he should say, and the plaintiff, in addition to excepting to the alleged failure to give her second request, also excepted to the part of the charge hereinbefore quoted. There seems to have been a conference between the judge and counsel, and the judge gave further instructions. At the outset he reminded the jury of his earlier reference to the provisions of the statute (§ 2 of said c. 89), and that, in that connection, he had also directed their attention to the traffic rules, and then said that he "intended to say . . . if . . . [he] did not say it in these words, that in dealing with the question as to whether it was a violation of the provisions of the statute as to passing on the left in overtaking and passing a car in front, that . . . [they] were entitled to take into consideration the situation as it existed at that particular

location, having in mind the testimony that was given with respect to the layout there, the system of traffic signals and so forth and arrows indicating directions in the several streets that are running out of that particular location, and for . . . [them] to determine in consideration of that situation as it was described in the evidence; having in mind also the statute . . . [he had] referred to, in saying as to whether or not there was any negligence in that aspect of the case." We are of opinion that, in saying what he did, the judge had it in mind to amplify what he had already said in the main charge by specific reference to various pieces of testimony, where before he had referred to "all of the evidence." It is possible, perhaps, to read what has just been quoted as if the judge were telling the jury that whether there was a violation of the statute depended upon the several circumstances referred to, but we are of opinion that the jury must have understood, from what was said up to this point, that whether there was negligence on the part of the defendant "in that aspect of the case," that is, in violating the statute, depended upon all of the evidence.

But in the supplemental charge, the judge went on from the last quoted part to say: "whether or not in the light of the traffic rules that were passed whether you could say that there was a violation of that statute in the light of the question as to whether or not it would be practicable under the setup as described in the evidence, whether or not with respect to the passage of cars in the various passageways indicated in the plan and indicated in the evidence, and it is for you to say whether or not there was a violation there; and as I said before with respect to the other parts of the statute, if there was a violation you have a right to consider that as evidence of negligence in consideration of all the evidence in the case." The plaintiff excepted in the following language: "Just for the purposes of the record I take an exception to the entire restatement on that point by The Court and again ask the Court to give instruction No. 2 of plaintiff's requests for rulings." We take it that this exception of the plaintiff is to the supplemental charge in

its entirety in so far as it appears in the two parts hereinbefore quoted. It is not entirely clear from this last quoted portion of the charge just what the judge had in mind. He had been talking about § 2 of said c. 89. It may seem that in the part just quoted he was attempting to say that whether there was a violation of said § 2 depended upon the traffic rules and other evidence, rather than to say that the significance of the other evidence related to the effect of a violation of the statute. It may be that he was attempting to summarize the various factors, of which the violation of the statute was one, that the jury should take into account in determining whether the defendant was negligent.

If the case at bar had been tried alone, the verdict of the jury for the defendant could have been based upon findings that both the plaintiff and the defendant were negligent, or that the defendant was not negligent. But we cannot close our eyes to the fact that the case was tried with another against this defendant arising out of this collision in which the jury returned a verdict for the plaintiff. In instructions applicable to both cases, the jury were told that if there was negligence on the part of both the plaintiff and the defendant, the plaintiff in the case at bar could not recover, but that the plaintiff in the other action would be entitled to recover unless she was contributorily negligent. We think we must assume that the verdict for the defendant in the case at bar was based upon findings by the jury of negligence on the part of both parties. Both counsel have assumed in their briefs that the jury did find that the defendant was negligent.

It is obvious that if the verdict of the jury had been for the plaintiff, her exceptions would have been rendered immaterial. She contends, however, that her exceptions disclose prejudicial error on the part of the judge, for the reason that one factor in determining whether she was contributorily negligent was her right to rely on the defendant's observance of his duty, however created. It seems apparent from the record that neither counsel nor judge gave any thought to this question of contributory negli-

gence in connection with what was said in the charge to which the plaintiff excepted, save possibly when the judge told the jury in the main part of the charge that if either operator violated the law of the road, and this violation contributed to the injury, that would be negligence. The vital point under consideration was the question of negligence of the defendant. It does not appear that counsel for the plaintiff regarded what was said by the judge in any other light. It is clear that he gave the judge no inkling of the contention that is now made. Perhaps, in the circumstances, that would constitute a good reason why the exception to the charge should not be sustained. See *Anderson* v. *Beacon Oil Co.* 281 Mass. 108, 110, 111, and cases cited; *Holt* v. *Mann,* 294 Mass. 21, 26; *Commonwealth* v. *DiStasio,* 294 Mass. 273, 285, 286; *Tucker* v. *Ryan,* 298 Mass. 282, 284; *O'Connor* v. *Benson Coal Co.* 301 Mass. 145, 150–151. But we think that the jury must have understood that a violation of § 2 of said c. 89 would be evidence of negligence, and that in determining whether that violation amounted to actionable negligence, they were to consider all of the evidence, including the traffic rules.

As we have said, we are of opinion that the first exceptions that were taken, not only to the alleged refusal to give the second request, but also to that part of the charge to which one of them related, should be overruled, and we are also of opinion that the exception to the supplemental charge should be overruled. This exception was to a part of the charge that covers nearly a page of the printed record and consists, as printed, of one sentence of twenty-six lines. The judge who presided at the trial allowed the bill of exceptions, and we must take the punctuation as it appears in the record. For purposes of consideration, we have divided the supplemental charge into two quoted parts, and have already said that in our opinion the jury must have understood the first quoted part in such a way as to be able correctly to apply the law to the facts in the case, in so far as they relate to what was then said. It is the rule that general exceptions to even a portion of a charge are not looked upon with favor. *Emmons* v. *Alvord,* 177 Mass. 466, 472.

*Anderson* v. *Beacon Oil Co.* 281 Mass. 108, 110–111. Such an exception cannot be sustained unless substantial injustice plainly appears. *Callahan* v. *Fleischman Co.* 262 Mass. 437, 438. If the plaintiff objected to any specific language used, she should have brought this language to the judge's attention. This she failed to do. *Ristuccia* v. *Boston Elevated Railway*, 283 Mass. 529, 535, and cases cited. *Mitchell* v. *Lynn Fire & Police Notification Co. Inc.* 292 Mass. 165, 168.

*Exceptions overruled.*