· Edna A. Hathaway *vs.* Checker Taxi Company
(and a companion case [1]). .

Suffolk.    March 3, 1947. — June 6, 1947.

Present: Field, C.J., Qua, Dolan, Wilkins, & Spalding, JJ.

*Negligence*, Motor vehicle, Taxicab.   *Practice, Civil*, Charge to jury;
Exceptions: general exception; New trial.

A general exception to an extensive portion of a charge to a jury upon
a material issue is without merit if the excepting party does not set
forth objection to specific language alleged to constitute error nor
request definite instructions as to the subject matter.

In an action by a passenger against the proprietor of a taxicab for in-
juries sustained in a collision between the cab and an automobile
which, approaching from the opposite direction in a two lane highway,
had jumped a raised catwalk separating the lanes, a portion of the
charge to the jury which dealt with the duty of the defendant in the
emergency was substantially in accordance with decisions of this
court and a general exception thereto was without merit.

The provisions of G. L. (Ter. Ed.) c. 231, § 81, were not violated by a
portion of a charge to a jury stating that the jury should consider "the
interest of the people who testified," that the plaintiffs "are in here
looking for money, and if they have been injured through the negli-
gence of the defendant they have got a right to be paid money, but a
person's financial interest in a case will often affect his testimony.
The testimony of an interested witness should be examined by the jury
with more care and scrutiny than the testimony of some witness who
has no financial interest or any other interest in the case.   We all
know what human nature is. .·. . A man doesn't always lie because
money is involved but you may say it is an incentive to depart from
the truth"; and also making it clear to the jury that all questions
of fact and the credit due to witnesses were questions solely for them;
and an exception to the charge on the ground that the jury were not
also instructed "that interested people might be telling the truth"
was without merit.

Instructions to the jury, at the trial of an action by a passenger against
the proprietor of a taxicab, on the question of the care required of the
operator of the cab, were adequate and revealed no reversible error,
and an exception to the refusal of a request for a ruling that the de-
fendant owed the plaintiff "the highest degree of care consistent
with the operation of its business" was overruled.

---

[1] The companion case is by Elmer F. Hathaway against the same defendant.

A party, on a motion to set aside a verdict and grant a new trial, cannot as a matter of right raise a question of law which might have been raised before verdict.

Upon the record, no abuse of discretion by the trial judge was shown in the denial of a motion for a new trial based on an allegation that the charge to the jury did not adequately set forth the rights of the plaintiff and unduly emphasized the rights of the defendant to the prejudice of the plaintiff.

TWO ACTIONS OF TORT. Writs in the Municipal Court of the City of Boston dated April 8, 1943.

On removal to the Superior Court, the cases were tried before *Donahue*, J.

*C. S. Walkup, Jr.*, for the plaintiffs.

*W. L. Allen*, for the defendant.

SPALDING, J. These are two actions of tort. In one the female plaintiff seeks compensation for personal injuries sustained by her. In the other recovery for consequential damages is sought by her husband. Verdicts were returned for the defendant. The cases are here on exceptions taken by the plaintiffs to certain portions of the charge and to the denial of motions for a new trial.

The evidence material to the issues raised is as follows: In the afternoon of April 21, 1942, one of the defendant's taxicabs, in which the plaintiffs were riding as passengers, collided with an automobile on the overpass at the Cottage Farm Bridge in Cambridge. It had been drizzling and the roadway was wet. The taxicab was proceeding west on the lane reserved for outbound traffic, and the automobile with which it collided (referred to in the testimony as the Alebord automobile) was headed east on the inbound lane. Each lane was twenty-five feet wide, and between them ran a so-called catwalk seven inches high and three feet wide. Immediately prior to the accident the Alebord automobile, while it was proceeding upgrade on that part of the overpass which was floored with steel, skidded and went across the catwalk onto the outbound lane where it collided with the taxicab in which the plaintiffs were riding. The evidence was conflicting as to the precise manner in which the accident occurred. There was evidence that the Alebord automobile crossed suddenly over the catwalk and struck the

taxicab which was on the right hand side of the outbound lane; that at the time of the collision the taxicab had slowed down to a speed of ten miles per hour; and that when the Alebord automobile started across the catwalk the taxicab was twenty-five to fifty feet away. There was also evidence that the taxicab while on the overpass was travelling at a speed of thirty-five to forty miles per hour; that the Alebord automobile had crossed the catwalk and was in the outbound lane when the taxicab was one hundred feet away; and that the taxicab without diminishing its speed ran into the Alebord automobile, which was not in motion. The female plaintiff sustained severe injuries.

1. The plaintiffs excepted to that part of the charge which dealt with the defendant's duties in an emergency.[1] The judge's charge on this aspect of the case is set forth in the footnote.[2] This exception is without merit. The instruc-

---

[1] This exception was as follows: Counsel for the plaintiffs: "I think your Honor should tell them what a man should do in an emergency. It is his job to prevent an injury if he can. I think your Honor should give that to them now. I would like an exception to it."

[2] "A man isn't negligent merely because he doesn't avoid an accident, doesn't avoid running into a car in front of him. It is a question of whether in the exercise of ordinary care and prudence he ought to have avoided the accident. If you have no part, gentlemen, in creating an emergency on the highway and you are confronted with one and your conduct has been that of a reasonably prudent and careful person up to the time you are confronted with that emergency, and it called upon you for instant action, your conduct then is to be judged by how the ordinary careful and prudent man should act in . . . such an emergency. I don't need to tell twelve men, coming from . . . all walks of life, . . . that negligence depends upon the situation that a man is called upon to meet, and you wouldn't expect as high a degree of care or the same kind of conduct from a man confronted with an emergency as from a man who had no emergency to meet. If a man drives down Washington Street at a careless rate of speed and he smashes into somebody at the intersection of Washington and Summer streets, he can't say he was confronted with an emergency, because he was driving under circumstances that he ought to know existed there, but if a man's conduct has no part in creating the emergency he may very well say, 'I did the best I could under the circumstances and I had no time to act.' A man isn't to be charged, gentlemen, with failure to avoid an accident if he has no time to avoid it, and if he has been careful up to the time he saw the likelihood of it. . . . Now, Mr. Hathaway, the plaintiff here, in one part of his testimony at least, said that the Alebord car was stopped . . . when the taxi was one hundred feet from it. If you believe that you may say that the ordinary prudent and careful driver ought to have been able in that distance to bring his car to a stop or to swing it around the other car so as to avoid the accident. You may say that would be a little too much to expect from him in a hundred feet. . . . I think the contention of the plaintiff is that . . . [the driver of the taxicab] had time to turn out and avoid the Alebord car or to stop. Now you may find that he had neither time to turn out nor to stop, or you may not be satisfied that he did have time to do anything to avoid the accident. . . . You may say you don't expect the same care of a man when a car is coming down

tions on this point stated the law substantially in accordance with our decisions. See *Lemay* v. *Springfield Street Railway*, 210 Mass. 63, 67; *Massie* v. *Barker*, 224 Mass. 420, 423; *Tuttle* v. *Connecticut Valley Street Railway*, 239 Mass. 553, 556; *Donovan* v. *Mutrie*, 265 Mass. 472; *Turner* v. *Berkshire Street Railway*, 292 Mass. 313, 315–316. Moreover the objection to this part of the charge was general. No specific error in it was pointed out, nor were any definite instructions asked for. It is the rule that general objections to even a portion of a charge are not looked upon with favor. If the plaintiffs objected to any specific language used, they should have brought it to the attention of the judge in order to save a valid exception. *Callahan* v. *Fleischman Co.* 262 Mass. 437, 438. *Ristuccia* v. *Boston Elevated Railway*, 283 Mass. 529, 535. *Mitchell* v. *Lynn Fire & Police Notification Co. Inc.* 292 Mass. 165, 168. *Mansell* v. *Larsen*, 311 Mass. 607, 613–614.

2. Both plaintiffs testified. It could have been found that the male plaintiff, whose testimony was the principal evidence for the plaintiffs on the issue of liability, had made statements after the accident which differed materially from what he testified to at the trial. In his charge the judge said, "In analyzing testimony, gentlemen, . . . as you have got to do in this case before you take money out of the pocket of one person or corporation and hand it to somebody else, you have got to consider the interest of the people who testified. Mr. and Mrs. Hathaway are in here looking for money, and if they have been injured through the negligence of the defendant they have got a right to be paid money, but a person's financial interest in a case will often affect his testimony. The testimony of an interested witness should be examined by the jury with more care and scrutiny than the testimony of some witness who has no financial interest or any other interest in the case. We all know what human nature is. You may say it isn't much

---

another roadway as you do when the car is coming down the roadway that he is in, and that he wasn't bound to anticipate that the car would bound over a catwalk seven or eight inches high and three feet wide and come across his path, and that you're not going to test his conduct until the car was coming over the catwalk, that is, you are going to take his conduct after that time."

different in the rich or poor, that it is about the same everywhere you find it." The judge said later on in the charge, "A man doesn't always lie because money is involved but you may say it is an incentive to depart from the truth." Plaintiffs' counsel at the conclusion of the charge said to the judge, "You told . . . [the jury] very emphatically that interested people might be led to do all kinds of things and then at no time said that interested people might be telling the truth. May I have an exception to that?"

This exception must be overruled. The judge was not required to state that interested witnesses might be telling the truth. That was implicit in what he said. There is nothing in the statute (G. L. [Ter. Ed.] c. 231, § 81) forbidding judges to charge on the facts which prohibits them from giving to juries "guides or illustrations . . . as to weighing the evidence of witnesses, and as to tests by which their reliability or credibility may be determined." *Plummer* v. *Boston Elevated Railway*, 198 Mass. 499, 515. *Harrington* v. *Harrington*, 107 Mass. 329, 333–334. *Burns* v. *Donoghue*, 185 Mass. 71, 73–74. *Hohman* v. *Hemmen*, 280 Mass. 526, 529–530. That the interest of a witness in the outcome of litigation may materially affect the truthfulness and accuracy of his testimony is familiar to everyone who has had experience in the courts. And there is no reason why a judge should not bring this consideration to the jury's attention, provided he does so fairly and impartially. That he does so in language that is "comprehensively strong, rather than hesitatingly barren or ineffective," does not infect the charge with error. *Whitney* v. *Wellesley & Boston Street Railway*, 197 Mass. 495, 502. As we observed in the case last cited, the "judge who discharges the functions of his office is, under the statute as well as at common law, the directing and controlling mind at the trial, and not a mere functionary to preserve order and lend ceremonial dignity to the proceedings" (page 502). In the cases at bar the judge intimated no opinion as to the credibility of any of the witnesses. On the contrary he made it abundantly clear to the jury that all questions of fact and the credit due to witnesses were questions solely for them.

3. The plaintiffs excepted to the failure of the judge to charge that the defendant owed them "the highest degree of care consistent with the operation of its business." The defendant concedes that it owed to the plaintiffs the duty imposed by law on common carriers of passengers for hire. See *Guinevan* v. *Checker Taxi Co.* 289 Mass. 295, 297; *Finnegan* v. *Checker Taxi Co.* 300 Mass. 62, 66; *Welsh* v. *Morse*, 319 Mass. 167, 168. "That duty is to exercise reasonable care under the circumstances. Among those circumstances are that the carrier has control of the passenger and that the consequences of negligence are likely to be serious. Accordingly it is held that reasonable care under the circumstances is the highest degree of care, — not the highest degree of care imaginable, but the highest degree of care that is consistent with the requirements of the public for speedy and inexpensive as well as safe transportation and with the practical operation of the business." *Carson* v. *Boston Elevated Railway*, 309 Mass. 32, 35. *Holton* v. *Boston Elevated Railway*, 303 Mass. 242, 244–245, and cases cited. The judge told the jury that the defendant's driver was under a "duty to conduct himself in operating that taxi as the ordinary prudent and careful driver would have operated it, considering . . . [the plaintiffs'] position in the car, considering they were occupants of a vehicle such as this with no control over its operation and little opportunity for self protection. When a person enters the car of a carrier he places himself, his safety in the hands of the carrier. The carrier is obliged to use due care, the same as any other person is obliged to use due care in performing any act that is likely to involve injury to another, but . . . if there was an emergency there that he had no part in creating . . . you ask yourselves did he do anything that the ordinary prudent and careful person would not have done in the emergency." While the judge might have defined the defendant's duty as a carrier somewhat more than he did, we are of opinion that the charge reveals no reversible error. The language quoted above gave the jury to understand that in determining whether the defendant used reasonable care they should take into consideration the fact

that it had control of the cab in which the plaintiffs were riding. The instructions asked for by the plaintiffs would have added nothing substantial to what had already been said. Essentially the question to be decided was the negligence of the defendant. This was a matter on which the jury were peculiarly fitted to pass and on which legalistic refinements would have afforded little or no assistance.

4. Each plaintiff excepted to the denial of a motion for a new trial which alleged "that the charge to the jury did not adequately set forth the rights of the plaintiff in this action and unduly emphasized the rights of the defendant to the prejudice of the plaintiff." The denial of these motions reveals no error of law. No exception to the charge on this ground was taken at the trial. The objections were made for the first time in the motions for a new trial. It is settled that "a party cannot as matter of right raise a question of law on a motion to set aside the verdict and grant a new trial, which might have been raised before verdict. While a judge may in his discretion permit such a question to be presented on a motion for a new trial, he cannot be required to consider it." *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 38. *Energy Electric Co., petitioner*, 262 Mass. 534, 538. *Harvard Trust Co.* v. *Cambridge*, 270 Mass. 403, 409. *H. D. Watts Co.* v. *American Bond & Mortgage Co.* 272 Mass. 84, 91. *Bankoff* v. *Coleman Bros. Inc.* 302 Mass. 122, 123. The motions were therefore addressed to the discretion of the judge, and nothing in the record shows any abuse of discretion in denying them. Reading the charge as a whole, we cannot say that the judge gave such undue emphasis to the rights of the defendant that the plaintiffs were thereby prejudiced. See *Johnson* v. *Foster*, 221 Mass. 248, 252.

*Exceptions overruled.*