*Municipal Court of the City of Boston*
No. T-12475
**ROSE DEMMLER**

v.

**TRAILWAYS OF NEW ENGLAND, INC.**

Argued: Oct. 21————Decided: Oct. 26, 1966

*Present*: Adlow, C.J.; Morrissey, J.; Canavan, J.

Case tried to *Foster, J.,* in the Municipal Court of the City of Boston   No. T-12475

*Adlow, C.J.* Action to recover for injuries claimed to have been suffered by the plaintiff while a passenger on the defendant's bus. The declaration is in two counts. In count 1 the plaintiff bases her claim on "the negligent and careless manner in which the defendant kept, maintained and operated said bus, thereby causing the door in said bus leading to the toilet to become defective and in want of

repair, causing the said door to strike and injure the plaintiff. In count 2, the plaintiff alleges a breach of an implied or express agreement to exercise the highest degree of care and safely transport the plaintiff and to keep the said bus and its equipment in good order.

*There was evidence that at* 10:30 a.m. October 18, 1964 the plaintiff boarded the defendant's bus in New York City with a view to going to her destination in Newton, Massachusetts; that while en route she heard frequent slamming of the toilet door which was located in the rear of the bus; that when the bus stopped in Connecticut some of the passengers moved to the rear for the purpose of using the toilet; that there was one passenger ahead of the plaintiff in this line; that when this passenger entered the toilet the door swung outward toward the plaintiff; that a male passenger sitting near the toilet door slammed the toilet door in order to shut it; that when the plaintiff's turn came to enter the toilet she noticed that the frame was warped and that the door would not shut; that while in the toilet she was unable to lock the door; that while examining the door it swung open and was slammed shut while her hand was on the frame; that as a result her fingers and right hand were injured. Other evidence bearing on the injuries need not be recited in view of the court's findings of fact. In finding for the defendant the court made the following findings of fact:

"I find as a fact that although the door had previously swung open on several occasions, there was no evidence to show that the door was defective, or that the defendant was negligent."

The court's conclusions were warranted by the evidence. Aside from the fact that an impatient passenger seated near the toilet slammed the door shut on occasion, the only evidence with respect to the condition of the door concerns the statement of the plaintiff that the metallic door frame was warped and that the door did not lock. To describe the door frame as warped, without more, hardly reveals an actionable defect.

As a characterizing adjective the term "warped" may refer to a variety of deviations, some significant, others insignificant. *Grace* v. *Boston Elevated Ry. Co.*, 322 Mass. 224. Nor does the evidence of the plaintiff that the door did not lock improve her position.

If the plaintiff suffered injury it was not because of the absence of a workable lock, but rather because a restless passenger slammed the door on her hand when she was emerging from the toilet. While the defendant owed to the plaintiff a high degree of care, *Hathaway* v. *Checker Taxi Co.*, 321 Mass. 406, 411; *Quigley* v. *Wilson Line of Mass., Inc.*, 338 Mass. 125, it is neither an insurer of her safety, nor is it responsible for the acts of a passenger who wilfully slams a door.

The plaintiff's right to recover for her injury is predicated on the existence of an actionable defect which caused it. There is nothing in the reported evidence to suggest that such a defect existed, and the court has so found. **Report dismissed.**

ISRAEL BERNSTEIN
of Boston for the Plaintiff
WALTER G. MURPHY
of Boston for the Defendant