MARY J. F. FEGAN & others *vs.* HAROLD J. QUINLAN
& others.

Norfolk.    March 5, 1926. — May 26, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Will,* Validity. *Evidence,* Competency, Of state of mind, Opinion.
*Practice, Civil,* Exceptions, Conduct of trial, Charge to jury.

At the trial of an issue, framed for trial by a jury on a petition for the proof
of a will, as to the soundness of mind of the alleged testator, it is proper
to exclude, in cross-examination by the respondents of a son of the
alleged testator, letters written by the son at his father's request to his
counsel, it not appearing that the contents of the letters tended to
contradict the witness and there being nothing in them which tended
to show that the alleged testator was lacking in mental capacity to
make a valid will.

It was proper at the trial of an issue, framed for trial by a jury upon a
petition for the proof of a will, as to whether the will was procured to be
made by undue influence, to permit one who formerly was counsel for
the alleged testator to be asked, "Was there any attempt by anybody
that you saw, any signs of inducing him or coercing him to do anything?"

An exception to the admission of certain evidence at a trial will not be
sustained if it appears that in his charge the judge in clear and positive
language instructed the jury to exclude such testimony entirely from
their consideration.

Where, at the trial of an issue framed for trial by a jury upon a petition
for the allowance of a will, whether the alleged testator was of sound
mind, his widow is asked, "What did you notice, if anything, with
reference to his speech when you talked to him?" and answers, "At
night, his mind, he wouldn't know where he was . . . ," it is proper
for the trial judge to strike out the answer both because it was not
responsive to the question and because it was not a statement of a fact
but merely a conclusion of the witness from facts which she observed.

It was *held,* that neither the contents, nor the manner of the delivery of
the charge to the jury who heard the issues above described showed
prejudicial error.

PETITION, filed in the Probate Court for the county of
Norfolk on April 25, 1922, for proof of the will of Michael
W. Quinlan, late of Brookline.

Elizabeth C. Quinlan, the widow; Lucy A. Quinlan, a
daughter; and Thomas A. and Harold J. Quinlan, sons,
appeared to oppose the petition. On motion by the re-

spondents, the jury issues described in the opinion were framed and were tried in the Superior Court before *Raymond*, J. Material evidence and exceptions saved by the respondents at that trial are described in the opinion. The answers of the jury were favorable to the petitioners. The respondents alleged exceptions.

*W. J. Patron*, for the respondents.

*H. Williams, Jr.*, (*A. M. Beale* with him,) for the petitioners.

CROSBY, J. Michael W. Quinlan died March 25, 1922, leaving a will dated November 20, 1915, and a codicil dated March 26, 1917. The will and codicil were presented for probate and their allowance contested. The judge of probate framed three issues relating to each. The first issues as to the will and codicil were as to their execution respectively; the second concerned the mental capacity of the deceased, and the third raised the question of undue influence.

At the trial in the Superior Court, the jury found that both the will and codicil were executed according to law; that when so executed the deceased was of sound mind; and that the execution of each was not procured by the fraud or undue influence of the persons named in the issues submitted. The case is before this court on exceptions to the admission and exclusion of evidence, to the refusal of the trial judge to give certain rulings, and to certain parts of the charge.

Theodore Quinlan, one of the proponents of the will and a son of the deceased, was called as a witness by the contestants and shown two letters which he had written at the request of the deceased to Sherman L. Whipple, Esquire, an attorney at law. One of these letters was written on May, 1917, and the other was dated July 3, 1917. This witness was asked certain questions relating to these letters which were excluded, subject to the contestants' exception. Afterwards the letters themselves were offered in evidence and were excluded, subject to the contestants' exceptions, but were allowed to be marked for identification and are printed in the record. Counsel for the contestants stated that he offered the letters to show the mental condition of the de-

ceased, and also for the purpose of contradicting the witness. The letters and the inquiries relating to them were rightly excluded. They had no tendency to contradict the witness, nor was there anything in them which tended to show that the deceased was lacking in mental capacity to make a valid will.

The witness, Mr. Whipple, who was called by the contestants, testified that he had known the deceased about twenty-five years and that he prepared the codicil to the will; that he had two or three interviews with the deceased, who wanted some changes in the codicil, and that he prepared a second draft and went over it with the deceased at the time he executed it. Mr. Whipple described the deceased as he knew him and as he appeared. He was then asked, subject to the contestants' exception, "Was there any attempt by anybody that you saw, any signs of inducing him or coercing him to do anything?" His answer was, "No; he explained to me his reasons why he wanted certain changes in his will." The question was competent, it did not call for any opinion of the witness but merely required him to state what he himself observed. *Partelow* v. *Newton & Boston Street Railway*, 196 Mass. 24, 31. *Jenkins* v. *Weston*, 200 Mass. 488, 493. *Mielke* v. *Dobrydnio*, 244 Mass. 89.

One of the contestants, Harold J. Quinlan, Esquire, an attorney at law, was asked on cross-examination if he considered his father of unsound mind when he (the witness) sued his father in September, 1915, for legal services. Similar questions to this witness were admitted subject to the contestants' exception. Afterward, on request of the contestants to strike out this evidence, the trial judge stated that he admitted the evidence only so far as it might contradict previous statements made by the witness and therefore might affect his credibility. We need not consider whether the evidence was competent for any purpose, as the judge in his charge in clear and positive language instructed the jury to exclude entirely this testimony from consideration. In these circumstances the contestants have no ground for exception. *Commonwealth* v. *Cline*, 213 Mass. 225. *Commonwealth* v. *Morrison*, 252 Mass. 116.

Elizabeth C. Quinlan was asked in direct examination by the contestants, "What did you notice, if anything, with reference to his speech when you talked to him?" Her answer in part was that "At night, his mind, he wouldn't know where he was . . . " This answer, upon request of the proponents, was properly stricken out. Apart from it not having been responsive, it is apparent that it was not a statement of a fact but merely a conclusion of the witness from facts which she observed.

The remaining exceptions are to the charge. During the intermission and before the judge had completed his charge, the respondents moved orally that the case be taken from the jury on the ground that they had been prejudiced. The motion was denied, subject to exception. After the completion of the charge the contestants excepted to many of the instructions therein given and also to the action of the judge in emphasizing certain statements made in the charge. A careful examination of the instructions fails to disclose any erroneous statement of law. The criticism that the judge, by striking the bench with his hand by way of emphasis, consciously or unconsciously prejudiced the rights of the contestants cannot be sustained. There is nothing to show that he misquoted the evidence, even if he dwelt at greater length in recapitulating testimony favorable to the proponents than upon that favorable to the contestants. Nor did the charge violate the statute, G. L. c. 231, § 81, which provides that the courts shall not charge juries with respect to matters of fact. *Whitney* v. *Wellesley & Boston Street Railway*, 197 Mass. 495, 502. As was said in the case last cited, " . . . neither the tone of the charge nor the form of verbal delivery are of themselves ground of exception, if no error of law appears." *Beal* v. *Lowell & Dracut Street Railway*, 157 Mass. 444. *Costello* v. *Hayes*, 249 Mass. 349, 353.

We are satisfied after careful examination of the entire record that no reversible error is shown.

*Exceptions overruled.*