CARRIE E. HOHMAN *vs.* HERMAN T. HEMMEN & others.

Suffolk.    December 14, 1931. — October 27, 1932.

Present: RUGG, C.J., PIERCE, WAIT, & FIELD, JJ.

*Practice, Civil,* Charge to jury.

At the trial together of two actions of tort, one against a city and another against the owners of a building adjacent to a public sidewalk, for personal injuries sustained when the plaintiff fell upon a ridge of ice upon the sidewalk, there was some evidence that the ice was formed by water dripping from the building. A verdict was ordered for the city at the close of the plaintiff's evidence. Police officers, called as witnesses by the individual defendants after the verdict

for the city had been ordered, contradicted evidence of the plaintiff that there was such a ridge of ice. There was some ground in the evidence for the inference that these police officers had had a special interest in examining the sidewalk with reference to the city's liability for the accident. In his charge to the jury, the trial judge in substance stated, as a matter that might or might not "have some bearing as" the jury "decided on the weight of the testimony of the police officers," the fact that the city would be liable only if there were a defect in the sidewalk which would be a contributing cause to the plaintiff's injury; and that "that may have some bearing on the examination made by the policemen, whether they were looking for defects in the sidewalk, whether they were looking in the city sense, or whether they were looking for defects in the sidewalk, which might bind these defendants or both, and, of course, you have their testimony as to how they examined it"; and he further charged that "the weight to be given to any and all of this testimony by the different witnesses, either for the plaintiff or defendants, is solely in your hands, and you are the sole judges of what testimony is to be believed and what the probabilities are . . . ." *Held*, that the charge did not violate the provisions of G. L. (Ter. Ed.) c. 231, § 81, and disclosed no reversible error.

TORT. Writ dated July 11, 1927.

In the Superior Court, the action was tried before *Donnelly*, J. Material evidence and portions of the charge to the jury, to which the defendants saved exceptions, are stated in the opinion. There was a verdict for the plaintiff in the sum of $2,500. The defendants alleged exceptions.

*J. J. Curran*, for the defendants.

*W. H. Taylor*, (*R. L. Brown* with him,) for the plaintiff.

FIELD, J. This action of tort to recover compensation for personal injuries received by the plaintiff when she fell on the sidewalk in front of the premises of the defendants in the city of Boston by reason of an alleged unnatural accumulation of ice thereon was tried by a judge and a jury with an action against the city to recover compensation for the same injuries. At the close of the plaintiff's case a verdict was ordered for the city. The trial proceeded against these defendants and the jury returned a verdict for the plaintiff. The case comes before us on exceptions to a part of the judge's charge.

The evidence introduced by the plaintiff tended to show that while walking upon the sidewalk in front of the defendants' building she slipped and fell upon a ridge of ice and was

injured. It could have been found that the ice was caused by water dripping upon the sidewalk from the building. Two police officers called by the defendants gave testimony which tended to contradict the plaintiff's evidence that there was such a ridge of ice on the sidewalk. One of them testified that he was the officer on the route and that he made a report of the accident to the station house. The other, an officer attached to the same station, testified that the accident did not occur on his route, but that he looked at the sidewalk because he was a police officer and it was his duty to do so, and that it was a part of the duty of police officers to see that the sidewalk was clean. He testified that he was "subsequently notified by the captain in the station house that a claim had been made on the city of Boston and he was called to headquarters and to the city law department where he answered questions."

The part of the judge's charge to which objection was made was as follows: "Now in connection with the case of the city, there is something to which I should, I think, call your attention. There was, of course, as you know, a case against the city. It may or may not have some bearing as you decide on the weight of the testimony of the police officers and the witnesses for the defendants here, to tell you something of the liability which would be the city's, were the city's case prosecuted in this court as was the case of the defendants. There is a distinction there which may or may not, as you decide, affect the weight of the testimony to be given to the witnesses offered by the defendants, who included two policemen. The city is liable in an accident of this kind involving snow and ice only where there is such a defect in the way, in this case the sidewalk, which, taken in connection with the snow and ice, would subject the passerby to injury, either by reason wholly of the defect or by reason of the defect taken in connection with the snow and ice which was associated with the defect, and in this case, I think it has appeared in some of the testimony that the policemen examined the sidewalk. Now that may have some bearing on the examination made by the policemen, whether they were looking for defects in the sidewalk, whether they were look-

ing in the city sense, or whether they were looking for defects in the sidewalk, which might bind these defendants or both, and, of course, you have their testimony as to how they examined it.  And what was their answer?  I think both the policemen and the other witnesses said they saw nothing of the condition which was testified to by the plaintiff's witnesses, but I thought I should tell you as to the city's liability as bearing on the examination and the report made to you by the people called here by the city."  In another part of the charge the judge stated to the jury that they had certain testimony before them "and also the testimony of the witnesses summoned by the defendants as to conditions as they saw them on the day of the accident," and that "the weight to be given to any and all of this testimony by the different witnesses, either for the plaintiff or defendants, is solely in your hands, and you are the sole judges of what testimony is to be believed and what the probabilities are. . . ."

The sole contention of the defendants is that the part of the charge objected to violated G. L. (Ter. Ed.) c. 231, § 81, which is as follows: "The courts shall not charge juries with respect to matters of fact, but they may state the testimony and the law."

This statute has been interpreted as restraining judges from stating "their own judgment or conclusion upon matters of fact" (*Commonwealth* v. *Barry,* 9 Allen, 276, 279), and as including within this prohibition expressions of opinion as to the credibility of particular witnesses (*Commonwealth* v. *Barry,* 9 Allen, 276, 278, *Commonwealth* v. *Larrabee,* 99 Mass. 413, *Commonwealth* v. *Foran,* 110 Mass. 179, *Hayes* v. *Moulton,* 194 Mass. 157, 165), and as to the weight to be given to evidence when the law "does not define the degree of weight to be attached to it." *Commonwealth* v. *Leonard,* 140 Mass. 473, 481.  The statute, however, provides expressly that judges "may state the testimony," and does not restrain them from furnishing to juries "guides or illustrations . . . as to weighing the evidence of witnesses, and as to tests by which their reliability or credibility may be determined." *Plummer* v. *Boston Elevated Railway,* 198 Mass. 499, 515, and cases cited.

Tested by these principles the charge discloses no reversible error. The testimony was not stated unfairly. See *Johnson* v. *Foster*, 221 Mass. 248, 252; *Fegan* v. *Quinlan*, 256 Mass. 10, 13. The judge did not state his own judgment or conclusion on the controverted issue, but made clear by the charge as a whole that the case was to be decided by the jury on all the evidence. See *Cronin* v. *Boston Elevated Railway*, 233 Mass. 243; *Buckley* v. *Frankel*, 262 Mass. 13, 17–18. He did not express his own opinion of the credibility of the police officers or the weight to be given to their testimony, but merely called to the attention of the jury a matter which, as he said, might or might not have a bearing on the weight of the testimony as the jury should decide. He furnished to the jury a guide for the weighing of evidence which they might or might not accept.

We cannot say that the suggested guide could not properly have been used by the jury. See *Commonwealth* v. *Keenan*, 148 Mass. 470, 472–473. The purpose of the police officers' examination of the sidewalk might reasonably be thought to have a bearing on the weight of their testimony. What a person sees may to some extent depend upon what he looks for. However, no principle of law, and no municipal ordinance or rule of the police department in evidence (see *Brodsky* v. *Fine*, 263 Mass. 51), required police officers to examine sidewalks with special reference to defects for which the city would be liable, as distinguished from other conditions dangerous to travellers, and such a practice cannot be said to be matter of common knowledge. But there was some ground in the evidence, though slight, for the inference that these police officers had a special interest in examining the sidewalk with reference to the city's liability for the accident. And this interest might be thought to have affected the accuracy of their observation. In this aspect of the evidence the statements in the charge in regard to the liability of the city for defects in the sidewalk were pertinent.

*Exceptions overruled.*