COMMONWEALTH *vs.* EDWARD G. OATES.

Franklin. May 8, 1951. — June 7, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Identity. Practice, Criminal*, Questioning of witness by judge. *Evidence*, Admissions and confessions.

At the trial of an indictment for assault with intent to commit rape upon a woman who was assaulted while walking home alone by a young man who stepped out of a parked automobile, evidence showing similarity between the personal appearance, age, manner of walking, clothing, automobile and automobile tire treads of the assailant and those of the defendant warranted a finding that the defendant was the assailant.

No error of law was shown at the trial of an indictment by questions put by the trial judge to the defendant as a witness where the judge did not appear to be partisan or biased, did not express any opinion as to the defendant's credibility, and in his charge instructed the jury that it made no difference that it was he who asked the questions.

The record of a criminal trial did not show reversible error on the alleged ground that evidence of a failure of the defendant to give certain information to police officers was incompetent in that he was under arrest at the time in question.

INDICTMENT, found and returned on January 9, 1951.

The case was tried in the Superior Court before *Fairhurst*, J.

*J. T. Bartlett*, for the defendant.

*S. Keedy*, District Attorney, for the Commonwealth.

LUMMUS, J.    The indictment against the defendant charges that on November 27, 1950, he assaulted one Margaret Piasecki with intent to commit rape upon her. He was tried under the provisions of G. L. (Ter. Ed.) c. 278, §§ 33A–33G, and a verdict of guilty was returned, upon which he was sentenced to imprisonment.  His appeal, with an assignment of errors and a transcript of the evidence, brings the case here.  *Commonwealth* v. *Bellino*, 320 Mass. 635, 644.

The fourth and principal assignment of error is that the judge erred in denying the defendant's motion for a directed verdict of not guilty.   There was evidence that on the evening of November 27, 1950, a few minutes before eight o'clock, Margaret Piasecki, while walking home alone, was assaulted in Turners Falls by a young man who stepped out of a parked automobile, and tried to drag her into it. The defendant in his brief does not argue that the assailant could not be found to have intended to commit rape.   His contention is that there was no sufficient evidence that he was the assailant. . We think that it could have been found that the assailant intended to commit rape.

The automobile of the assailant was a dark colored one, and Miss Piasecki identified it by the grill as a 1937 Oldsmobile.   The defendant admitted that he drove such an automobile.   When the automobile of the assailant, after the assault, started from its parked position, its tires made on the ground a pattern of "knobby tire treads," such as are made by "snow tires."   There was evidence that the tires of the defendant's automobile had such treads, of the same pattern.   Miss Piasecki testified that the defendant's automobile "looked just like" the assailant's automobile. There was evidence that, when asked whether the tire marks were his, the defendant said that "it could be mine or it

could be anyone's." In his testimony, the defendant denied saying this, and declared that he had not been where the marks were found.

Miss Piasecki testified that her assailant was about eighteen or nineteen years old, and about six feet tall, with "slight" shoulders. In fact, the defendant was twenty years old. She testified that the defendant "looks an awful lot" like her assailant, "only for his face," and that with the light she had she could not make out the features of her assailant. She testified that when her assailant got out of his automobile "he walked very straight and had his arms thrown back," and that the defendant walked in the same way when she saw him later. When an officer stopped the defendant, the rear plate light of his automobile was not lighted. A witness who saw the assailant's automobile soon after the assault testified that the rear light was "faint, kind of a small light."

The assailant was wearing work trousers and a short plaid jacket. His clothes were very dirty. He put his arm around Miss Piasecki's neck. Her face and red coat became black, although they did not touch the ground. After the defendant had been stopped by the police, it was found that his clothes and his hands were very dirty. There was evidence that he was wearing the same clothes at the time of the alleged assault. At no time was the defendant told the time of the assault, but he declared that he could prove that he was in Lake Pleasant, at a distance from the scene of the assault, at a quarter before eight. Why he considered that time important, was not shown.

Upon the evidence, thus summarized, we think there was no error in refusing to direct a verdict of not guilty.

The first assignment of error was expressly waived. The second and third assignments raise questions of evidence. As to the second assignment, the defendant on examination by the judge testified that the jacket introduced in evidence, which the defendant was wearing when arrested, was not the one that he was wearing on the evening of the alleged assault, although it was exactly like that one, and

was about as dirty. To this line of inquiry the defendant
excepted. But his counsel himself said, "I don't see that
it makes any difference." Undoubtedly a judge has a right
to question any witness, provided the examination is not
partisan or biased. Wigmore, Evidence (3d ed. 1940) § 784.
*Commonwealth* v. *Galavan*, 9 Allen, 271, 274. *Commonwealth*
v. *Anderson*, 245 Mass. 177, 185. *McLaughlin* v. *Municipal
Court of the Roxbury District of Boston*, 308 Mass. 397, 405.
*Commonwealth* v. *Galvin*, 310 Mass. 733, 748. *Jones* v.
*Commonwealth*, ante, 491. In his examination of the de-
fendant, the judge did not express any opinion as to his
credibility. See *Partelow* v. *Newton & Boston Street Railway*,
196 Mass. 24, 34; *Hohman* v. *Hemmen*, 280 Mass. 526, 529.
In his charge the judge referred to his questions to the de-
fendant, and said, "The mere fact that I asked questions
should give no undue weight to anything that has been
said. It makes no difference from what source the questions
come. . . . You are interested in the answers and not in
who directs questions.". We find no error in the subject
matter of this second assignment.

The third assignment of error is based on the same excep-
tion as the second assignment. The judge asked the defend-
ant when the officers took his jacket, and he answered that
it was on December 5, when he was wearing it at the time
he was "picked up." He testified that it was not the jacket
that he had worn on November 27, but that the officers
thought it was and for that reason took it. The judge
asked, "Did you believe that the officers had made a mis-
take," and the witness answered that he did, but did not
tell the officers so. The defendant contends that he was
under arrest at the time, and that his failure to speak was
not competent. *Commonwealth* v. *Sheppard*, 313 Mass. 590,
600. But no such point was called to the attention of the
judge. It is very doubtful whether the point now taken is
open. *Alfred J. Silberstein Inc.* v. *Nash*, 298 Mass. 170,
174. *Kurland* v. *Massachusetts Amusement Corp.* 307 Mass.
131, 143. There was evidence that the defendant was not
arrested until after the jacket was taken by the officers,

although the defendant testified that he had been arrested before. Thus an issue of fact was raised, which the defendant could have had submitted to the jury upon proper instructions, but the record fails to show that he ever asked for any. As his counsel said, "I don't see that it makes any difference." We do not suggest that there may not be another answer to the defendant's contention.

*Judgment affirmed.*