COMMONWEALTH *vs.* FRANCIS T. O'NEIL. June 26, 1975. 1. The defendant was not prejudiced by the exclusion of either of the police reports. The jury, by reason of the extensive cross-examination of witnesses who had the reports before them, had already heard everything in the reports which was helpful to the defendant and had already been advised of the omissions therefrom which the defendant regarded as significant. Compare *Commonwealth* v. *Bumpus,* 362 Mass. 672, 680-681 (1972); *Commonwealth* v. *Melanson, ante,* 108, 111-112 (1975). 2. The sole exception to a portion of the charge was based on a ground no longer argued, one entirely different from that which the defendant now seeks to urge. Accordingly, we approach the present contention as if no exception had been taken at all. Compare *Commonwealth* v. *Daniels,* 364 Mass. 829 (1973). Our perusal of the charge as a whole (*Commonwealth* v. *Ramey,* 368 Mass. 109, 113-115 [1975]) leads us to conclude that no "substantial risk of a miscarriage of justice" (*Commonwealth* v. *Freeman,* 352 Mass. 556, 564 [1967]) will result from our following the usual rule of refusing to pass on exceptions not taken (*Commonwealth* v. *Foley,* 358 Mass. 233, 236 [1970]; *Commonwealth* v. *Underwood,* 358 Mass. 506, 509-510 [1970]).

*Judgment affirmed.*

*Kenneth Weiss* for the defendant.

*Sandra Lee Hamlin,* Assistant District Attorney, for the Commonwealth.