COMMONWEALTH *vs.* DAN E. CRANSHAW.

Hampden.    September 20, 1976. — November 16, 1976.

Present: HALE, C.J., ARMSTRONG, & BROWN, JJ.

*Jury and Jurors.   Evidence,* Polygraphic test, Opinion.   *Identification.*

A criminal defendant was not entitled to have his claim that the trial
    judge erred in allowing the Commonwealth more than the number
    of peremptory challenges to which it was entitled under G. L. c. 234,
    § 29, reviewed on appeal where he had made no objection at trial to
    the number of peremptory challenges allowed the prosecution. [631]
A black defendant at a criminal trial failed to make a showing that
    the prosecutor's use of three peremptory challenges to remove the
    only three blacks on the jury panel was a part of a systematic plan
    of exclusion based on race. [631-632]
The judge at a criminal trial did not err in denying the defendant's
    motion to admit the allegedly favorable results of his polygraph test
    where the defendant never agreed to be bound by the results of such
    an examination and was aware of the results prior to his motion.
    [632]
A criminal defendant was not entitled to have counsel present at a pre-
    indictment identification of him by the victim at a hospital. [633]
At the trial of indictments for assault and battery by means of a
    dangerous weapon and assault by means of a dangerous weapon
    with intent to commit murder, there was no error in the admission
    of testimony of a police officer that he thought the substance ob-
    served on a bar of soap in the defendant's apartment was blood.
    [633]

INDICTMENTS found and returned in the Superior Court
on September 14, 1973.

The cases were tried before *Griffin, J.*

*Conrad W. Fisher* for the defendant.

*L. Jeffrey Meehan* for the Commonwealth.

BROWN, J.   This case is before us on the defendant's
bill of exceptions. The defendant was convicted by a jury
on indictments charging assault and battery by means of
a dangerous weapon and assault by means of a dangerous
weapon with intent to commit murder.

There was evidence from which the jury could have found the following. Ursula Shepardson, a seventy-year-old woman, was working alone in a cleaning establishment when the defendant, armed with a knife, entered and proceeded to attack and stab her. She had known the defendant for approximately five years; he resided in the same building in which the cleaning establishment was located. While the victim was being transported to the hospital for treatment, a police officer arrested the defendant in his apartment on the basis of information about the assailant which he had received from the victim prior to her departure. Shortly after being arrested the defendant was transported to the hospital by the police, where the victim identified the defendant as the person who had attacked her.

During the trial, one of the arresting officers testified that, with the defendant's father's consent, he had searched the defendant's apartment and observed red marks on the sink and on a bar of soap in the bathroom. When asked by the prosecutor to describe the red marks, the officer responded that he thought they were blood.

For the reasons stated herein, we reject each of the defendant's contentions and overrule his exceptions.

1. The defendant argues that the trial judge erred in allowing the Commonwealth more than the number of peremptory challenges to which it was entitled under G. L. c. 234, § 29.[1] However, at trial the defendant made no objection to the number of peremptory challenges allowed the prosecution. Thus, the defendant is not entitled to have that issue reviewed on appeal. *Commonwealth* v. *Underwood*, 358 Mass. 506, 509-510 (1970). *Commonwealth* v. *Gibson*, 368 Mass. 518, 525-526 (1975). *Commonwealth* v. *O'Neil*, 3 Mass. App. Ct. 768 (1975). *Commonwealth* v. *Miller, ante*, 379, 382 (1976).

2. The defendant also contends that the trial judge

---

[1] The defense was allowed the same number of extra peremptory challenges as the prosecution. It does not appear whose request prompted the trial judge to allow extra peremptory challenges.

erred in permitting the prosecuting attorney to use three of his peremptory challenges to remove the only three blacks on the jury panel, with the result that the defendant was tried by an all-white jury. Although the defendant did make a motion to dismiss the jury panel[2] (see *Commonwealth* v. *Talbert*, 357 Mass. 146, 147 [1970]), he has not made a showing that the three peremptory challenges were part of a systematic plan of exclusions based on race. See *Swain* v. *Alabama*, 380 U. S. 202, 223-224 (1965). Whatever force there may be to this argument on an adequate factual presentation, e.g., *United States* v. *Daniels*, 379 F. Supp. 1243 (E.D. La. 1974); see Bell, Race, Racism and American Law 969-970 (1973), no such factual presentation has been made in this case. See *Commonwealth* v. *Anderson*, 3 Mass. App. Ct. 463, 464-465 (1975).

3. Prior to the trial, the defendant took a polygraph test. The defendant's motion to admit the allegedly favorable results of this test at trial was denied by the trial judge. The defendant's contention that the trial judge abused her discretion in refusing to allow the defendant to introduce the results of his polygraph examination is without merit. Because the defendant never agreed to be bound by the results of his polygraph examination, there was no abuse in the judge's refusal to admit evidence of the outcome of that examination taken by the defendant's expert and the result of which he already knew. *Commonwealth* v. *A Juvenile*, 365 Mass. 421, 430-431, & n.8 (1974).[3]

4. The defendant contends that the victim's in-court

---

[2] It is unclear whether the purpose of the defendant's motion was to secure a new panel from which a different jury could be chosen or whether he merely sought to discharge the present jury and empanel a new one.

[3] This case was tried prior to the decision of *Commonwealth* v. *A Juvenile*. Even if the reasoning of the *Juvenile* case were to be applied retroactively, the trial judge did not abuse her discretion in refusing to permit the introduction of this evidence since the defendant at no time offered to submit to a polygraph examination under conditions comparable to those approved in *Juvenile*. *Commonwealth* v. *Patterson*, *ante*, 70, 78 (1976).

Commonwealth *v.* Cranshaw.

identification of the defendant was tainted by an unnecessarily suggestive confrontation between the victim and the defendant in the hospital shortly after the attack. The burden is on the defendant to establish that the identification at that time was unnecessarily suggestive. *Commonwealth* v. *Botelho,* 369 Mass. 860, 867 (1976). The defendant did not, in the circumstances, sustain that burden.

5. The defendant argues that the victim's identification of the defendant at the hospital was improper because the defendant did not then have counsel. The defendant was not entitled to counsel at the hospital, as that was a pre-indictment identification. *Kirby* v. *Illinois,* 406 U. S. 682 (1972). *Commonwealth* v. *Lopes,* 362 Mass. 448 (1972).

6. There was no error in the admission of the testimony of the police officer that he thought the substance observed on the bar of soap in the defendant's apartment was blood. *Commonwealth* v. *Sheppard,* 313 Mass. 590, 599-600, cert. den. 320 U. S. 213 (1943), and cases cited therein. *State* v. *Wilbur,* 278 A. 2d 139, 143 (Me. 1971).

7. The other issues raised by the defendant's bill of exceptions are devoid of merit and no discussion of them is necessary.

*Exceptions overruled.*