COMMONWEALTH *vs.* RONALD V. CHARLES. November 24, 1976. The defendant appeals under G. L. c. 278, §§ 33A-33G, from his convictions for assault and battery by means of a dangerous weapon, and breaking and entering in the nighttime with intent to steal.[1] 1. There was no error in allowing in evidence the out-of-court identification of the defendant by the Commonwealth's chief witness, one Hurley. This was not a case in which the police had either arranged for or accidently allowed a witness to view a suspect. Neither the police nor Hurley had any expectation that the defendant (who had just been arrested on a completely unrelated charge) would be in the station when Hurley was brought inside. The defendant was not even a suspect when Hurley, upon seeing him, immediately identified him as the man he had chased and who had assaulted him. *United States* v. *Seader,* 440 F.2d 488, 496-497 (5th Cir.), cert. den. sub nom. *Sandell* v. *United States,* 404 U. S. 826 (1971). Cases analyzing "unnecessarily suggestive" (see *Stovall* v. *Denno,* 388 U. S. 293, 301-302 [1967]) and accidental (see *Commonwealth* v. *Leaster,* 362 Mass. 407, 410-411 [1972], and cases cited therein) confrontations are irrelevant. See *Commonwealth* v. *Barnett,* 371 Mass. 87, 93, n.7 (1976). No further analysis is necessary. Cf. *Commonwealth* v. *Walker,* 370 Mass. 548, 565-566, n.12 (1976). 2. The striking of part of a statement of a defense witness which indicated that Hurley had been unable to identify the defendant on the night in question did not constitute error, as the statement was not responsive to the question.[2] See *Commonwealth* v. *McGarty,* 323 Mass. 435, 439 (1948); *Commonwealth* v. *Early,* 349 Mass. 636, 637 (1965); Leach & Liacos, Massachusetts Evidence 70 (4th ed. 1967). Moreover, on redirect examination the witness testified that the statements she had heard Hurley make to the police at the police station indicated that at that time Hurley had been unable to make an identification. 3. The defendant's suggestion that the trial judge's questioning of this witness diminished the probative value of the evidence is without merit. The judge's questions brought out the points that the defendant's witness had not seen or overheard the fortuitous meeting between Hurley and the defendant and that the statements she had heard Hurley make at the police station had not been made in the presence of the defendant. The judge's questions were proper, as they only clarified the witness' testimony and did not abuse the judge's traditional role of controlling the conduct of the trial. See *Commonwealth* v. *Oates,* 327 Mass. 497, 500 (1951); *Commonwealth* v. *Festa,* 369 Mass. 419, 422-423 (1976),

[1] The defendant's indictment for being a disorderly person was placed on file without objection, and is thus not before us.

[2] It is immaterial that the question was asked by the judge rather than counsel.

and cases cited therein. 4. Although the prosecutor's closing remarks, wherein he suggested that a witness who had testified for the defendant might have been an accomplice of the defendant, may have exceeded the bounds of proper closing argument, in the circumstances of this case a mistrial was not required. *Commonwealth* v. *Nordstrom,* 364 Mass. 310, 316 (1973). See *Commonwealth* v. *DeChristoforo,* 360 Mass. 531, 536-538 (1971). The judge's curative instructions to the jury were sufficient to remove the need to declare a mistrial on this basis. See *Commonwealth* v. *Nordstrom,* 364 Mass. at 313-314. The holdings of *Commonwealth* v. *Redmond,* 370 Mass. 591, 596-597 (1976), and *Commonwealth* v. *Killelea,* 370 Mass. 638, 646 (1976), are not inconsistent with this result. See *Commonwealth* v. *Borodine,* 371 Mass. 1, 10-11 (1976). There was no exception taken to any of the other remarks made by the prosecutor during closing argument (see *Commonwealth* v. *Nordstrom,* 364 Mass. at 313-314), and we consider them only to determine if they could have created a "substantial risk of a miscarriage of justice." *Commonwealth* v. *Freeman,* 352 Mass. 556, 564 (1967). No other remark by the prosecutor could be said to have unduly prejudiced the defendant's case (contrast *Commonwealth* v. *Redmond, supra*) or to have created a "substantial risk of a miscarriage of justice." *Commonwealth* v. *Freeman, supra.* 5. The defendant has expressly waived all his other assignments of error.

*Judgments affirmed.*

The case was submitted on briefs.
*Howard M. Kahalas* for the defendant.
*Daniel C. Mullane,* Assistant District Attorney, for the Commonwealth.