COMMONWEALTH *vs.* CHARLES J. BALDWIN. October 17, 1977. The trial judge, after a pre-trial voir dire, properly denied the defendant's motion to suppress his in-court identification by the victim of rape and related crimes, of which the defendant was convicted. His appeal is under G. L. c. 278, §§ 33A-33G. At the voir dire the victim testified

that she had the defendant's face under observation for about one hour while they were both in the back of the automobile in which the defendant had put her. (The total incident took place over a period of two hours in the morning.) After the incident, she gave the police a detailed description of the defendant and subsequently identified him from an array of eleven photographs. Assuming, without deciding, that the victim's recognition of the defendant at a subsequent encounter in the Brighton court occurred (as the defendant argues) in improperly suggestive circumstances (cf. *Commonwealth* v. *Leaster,* 362 Mass. 407, 410-411 [1972]; *Commonwealth* v. *Charles,* 4 Mass. App. Ct. 853 [1976]) — the course taken by the trial judge — the Commonwealth satisfied its burden to show, by clear and convincing evidence, that the in-court identification would be independent of the encounter in the Brighton court. *Commonwealth* v. *Leaster, supra* at 415. *Commonwealth* v. *Hands,* 2 Mass. App. Ct. 890 (1974). *Commonwealth* v. *Hogg,* 4 Mass. App. Ct. 225, 228 (1976). See *Commonwealth* v. *Chase,* 372 Mass. 736, 745-746 (1977). The defendant's attack on the photographic identification is groundless; it is obvious from the testimony that the police conducted themselves fairly and that the victim was careful and conscientious.

*Judgments affirmed.*

*James M. Pool* for the defendant.

*Jeremiah P. Sullivan, Jr.,* Assistant District Attorney, for the Commonwealth.