COMMONWEALTH *vs.* MICHAEL E. SIMPSON. March 21, 1978. 1. The fact that the judge had presided in another criminal prosecution against the defendant two years earlier did not require him to allow the defendant's motion that he disqualify himself. See *Commonwealth* v. *Leventhal,* 364 Mass. 718, 721-723 (1974); *Lena* v. *Commonwealth,* 369 Mass. 571, 573-576 (1976). There were no special circumstances calling into question the judge's impartiality. See *Commonwealth* v. *Leate,* 367 Mass. 689, 698 n.8 (1975). 2. Nothing in G. L. c. 234, § 1A, or in *Commonwealth* v. *Morgan,* 369 Mass. 332 (1975), cert. denied 427 U.S. 905 (1976), required the judge to inquire of female jurors whether they would be embarrassed to serve on a rape case. 3. The judge did not err in excepting the investigating police officer from his sequestration order. *Commonwealth* v. *Washburn,* 5 Mass. App. Ct. 195, 197-198 (1977), and cases cited. 4. The black and white photograph of the victim's beaten face was admissible in evidence for the reasons stated in *Commonwealth* v. *Torres,* 367 Mass. 737, 742 (1975), and, in view of her testimony concerning the defendant's threats when he left her on Sunday, also bore on the question why she had not earlier reported the incidents of that day. 5. In cross-examination, defense counsel attempted to impeach the victim's testimony by drawing attention to the numerous occasions between Sunday and Thursday when the victim might have complained of the acts attributed to the defendant but failed to do so. In addition, he attempted to show that her only complaint on Thursday, after a neighbor intervened on hearing her screams, was that she had been beaten by the defendant and that her complaints of sexual crimes were a later contrivance. In these circumstances the judge did not err in thereafter admitting the testimony of the police officer as to what she had told him after he arrived on the scene in response to a radio call. *Commonwealth* v. *Bailey,* 370 Mass.

388, 396 (1976). 6. The judge's omission to give an instruction on fresh complaint, as he had said he would, in his supplemental charge was obviously an oversight, which he would presumably have corrected had the matter been called to his attention. We note also that the judge, at the defendant's request, had instructed the jury on the subject during the trial. 7. We have examined with care the prosecutor's closing argument, which was forceful but within the bounds of propriety, and the judge's charge (to which no exception was taken), which was fair and balanced. We have considered the defendant's numerous contentions with respect to the argument and the charge and conclude that none has merit. 8. As indictment No. 99285 was placed on file with the consent of the defendant, his appeal from his conviction on that indictment is not properly before us. See *Commonwealth* v. *Delgado*, 367 Mass. 432, 437-438 (1975).

*Judgments on Indictments Nos.*
*99283 and 99284 affirmed.*

*Appeal from conviction on Indictment No.*
*99285 dismissed.*

*Michael Anton Laurano* for the defendant.
*Robert J. McKenna, Jr.*, Assistant District Attorney (*Philip T. Beauchesne*, Assistant District Attorney, with him) for the Commonwealth.