COMMONWEALTH vs. EARLE R. ROBINSON.

Middlesex.    April 6, 1979. — May 18, 1979.

Present: HALE, C.J., ARMSTRONG, & DREBEN, JJ.

*Evidence*, Admissions and confessions. *Constitutional Law*, Admissions and confessions, Waiver of constitutional rights. *Waiver. Practice, Criminal*, Voluntariness of confession; Exceptions: failure to save exception; Examination of jurors; Questioning of witness by judge; Instructions to jury. *Jury and Jurors*.

Evidence at a hearing to suppress statements made by a defendant warranted the judge's findings that the defendant, who had executed a written waiver of his right to call a lawyer before being questioned by police and had given police permission in writing to search his car, intelligently waived his right to remain silent when questioned by police notwithstanding the fact that this waiver was not expressed in writing. [602-603]

A judge's charge to the jury at a criminal trial that, if they found that a confession had been made they were to determine if it had been intelligently and voluntarily made "under all the circumstances" met the requirements of the "humane practice" in this Commonwealth, where it was clear from the testimony and defense counsel's closing argument that whether a defendant had been informed of, understood and waived his rights were "circumstances" for the jury to consider; the adequacy of the Miranda warnings as given was an issue for the judge alone. [603-604]

In the absence of either an exception or a substantial risk of a miscarriage of justice, this court did not consider the constitutionality of a statutory provision empowering the judge at a criminal trial, in his discretion, to excuse a female juror if it appears she will be embarrassed by the testimony. [604-605]

At a criminal trial no abuse of discretion appeared in the judge's refusal to ask prospective jurors whether they would give special credence to the testimony of a police officer or other person with an official title or position. [605]

An apparent misunderstanding by a defendant at a criminal trial as to the number of prospective jurors he might challenge peremptorily, which was not made the subject of an exception, brought nothing to this court for review. [605-606]

The judge at a criminal trial acted properly in questioning the defend-
ant's alibi witness, even though the questions might have tended to
reinforce the Commonwealth's case, where it appeared that the
judge's questions were designed to clarify matters for the jury, and
not as an attempt to impeach the witness. [606]

A judge at a criminal trial was not bound to charge the jury in the
exact language suggested by the defendant and where his charge,
viewed as a whole, provided full and accurate instructions, no error
appeared either in the omission of requested language that the
Commonwealth's burden of proof never shifts and extends to every
element necessary for conviction, or in the judge's definition of
reasonable doubt. [606-607]

INDICTMENTS found and returned in the Superior Court
on January 13, 1976.

The cases were tried before *Vallely, J.*

*Willie J. Davis* for the defendant.

*Pamela L. Hunt*, Legal Assistant to the District Attor-
ney, for the Commonwealth.

HALE, C.J. The defendant appeals from his convictions
on indictments charging him with sexual intercourse or
unnatural sexual intercourse with a child under sixteen
years,[1] kidnapping, and assault and battery by means of
a dangerous weapon. There was evidence from which the
jury could have found that the defendant picked up a
fifteen year old hitchhiker, who was taken against his
will to a parking lot at the Burlington Mall and forced at
knifepoint to commit fellatio on the defendant. The vic-
tim gave the police a physical description of the person
who had abused him, together with descriptions of the
clothing, shoes, sunglasses, and ring that the person had
worn, the automobile and the knife. He told the police
that he had been taken to a large parking lot where he
had seen a yellow pole with a square sign with the num-

---

[1] The defendant moved to dismiss the rape indictment. The question
raised by his motion concerning the adequacy of the evidence before
the grand jury to support the indictment was reported to this court
and transferred pursuant to G. L. c. 211A, § 10(A), to the Supreme
Judicial Court, which ruled that the motion should not be allowed.
*Commonwealth* v. *Robinson*, 373 Mass. 591, 592 (1977).

ber two thereon, and a building with the letters L-Y-O-N. The police and the victim unsuccessfully looked for the parking lot; they did not go to the Burlington Mall. Several days later the victim made a photographic identification of the defendant, and a warrant for his arrest was obtained. The defendant was arrested, and the ring and shoes he was wearing were similar to those earlier described by the victim. As the result of questioning which was preceded by giving the defendant the Miranda warnings, he told the police that he had picked up the victim and that he was sorry about what had happened. He said the event took place at the Burlington Mall. He gave the police written permission to search his car, stating that "[t]he knife I used is in the glove box of the car." A search revealed a knife like the one described by the victim. The victim later accompanied the police to the Burlington Mall, where the pole, sign, and building he had previously described were located.

1. The defendant's fourth and tenth assignments of error are concerned with the voluntariness of his confession. He first argues that the judge's finding that he intelligently waived his right to remain silent is not clearly supported by the record, such that it was error to deny his motion to suppress. The judge made findings that, at the time of arrest and later at the police station, the defendant had been given the Miranda warnings prior to any questioning by the police. The defendant responded that he understood the warnings and answered negatively when asked if he wanted to call a lawyer. He executed a written waiver of his right to call a lawyer and gave the police permission in writing to search his car. We will not revise these subsidiary findings where, as here, after examining the evidence before the judge, we determine that they were warranted by the evidence. *Commonwealth* v. *Valliere*, 366 Mass. 479, 486 (1974). *Commonwealth* v. *Watkins*, 375 Mass. 472, 476 (1978). Recognizing that there is a heavy burden on the Commonwealth to demonstrate a knowing and intelligent waiver and that the

courts will indulge every reasonable presumption against waiver (*Commonwealth* v. *Dustin*, 373 Mass. 612, 615-616 [1977], cert. denied, 435 U.S. 943 [1978]), we nevertheless conclude that the judge was warranted in finding that the defendant had voluntarily and intelligently waived the right to remain silent. See *North Carolina* v. *Butler*, 441 U.S. 369, 375-376 (1979). Such a finding is entitled to substantial deference. *Commonwealth* v. *Doyle*, 377 Mass. 132, 138 n.6 (1979). The lack of a written waiver of this right does not change the result. *Commonwealth* v. *Roy*, 2 Mass. App. Ct. 14, 20 (1974).

The defendant further argues that it was error for the judge to refuse to charge the jury that, in determining whether the defendant's confession was made voluntarily, they should consider whether the defendant had been advised of his rights and whether he had understood and waived them.[2] The judge charged the jury that they must first determine whether a confession had been made; if they so found, that they were to determine whether it had been intelligently and voluntarily made "under all the circumstances." The jury were instructed that if they concluded that the confession had been voluntary, they would then be warranted in using the confession in arriving at a verdict.

"When there is conflicting testimony, the humane practice in this Commonwealth is for the judge, if he

---

[2] The defendant requested the following charge: "In determining whether or not the confession was made voluntarily you should consider all of the circumstances surrounding the making of the confession, including whether or not the defendant was advised of his rights to remain silent and to have an attorney present during questioning, and whether or not he understood the rights and waived them. In this regard you may consider that the defendant was asked to execute a written waiver of his right to use the telephone, but was not asked to do so with respect to his rights to remain silent and to have the services of an attorney. You may also consider that the defendant was asked to execute a written consent for the officers to execute a search of his motor vehicle, but was not asked to execute a written waiver of his rights to remain silent and to have an attorney present during questioning."

decides that it is admissible, to instruct the jury that they may consider all the evidence, and that they should exclude the confession, if, upon the whole evidence in the case, they are satisfied that it was not the voluntary act of the defendant." *Commonwealth* v. *Preece*, 140 Mass. 276, 277 (1885). *Commonwealth* v. *Harris*, 371 Mass. 462, 469-470 (1976). We rule that the charge given, by directing the jury's attention "to all the circumstances," met the requirements of our "humane practice" and accurately instructed the jury on the principles designed to protect the defendant. The failure of the judge to give more specific instructions was not error. See *Commonwealth* v. *Sherman*, 294 Mass. 379, 394-395 (1936). It was clear from the testimony at trial and from defense counsel's closing argument that whether the defendant had been informed of, understood and waived his rights comprised the "circumstances" which the jury were instructed to consider.

Whether Miranda warnings as given were adequate was an issue for determination by the judge that he was not required to submit to the jury. *Commonwealth* v. *Polidoro*, 4 Mass. App. Ct. 794 (1976). See *Commonwealth* v. *Johnston*, 373 Mass. 21, 24 (1977). In *Commonwealth* v. *Chase*, 350 Mass. 738, 745, cert. denied, 385 U.S. 906 (1966), the judge instructed the jury that they were not to consider the constitutional questions whether the defendant had been informed of his right to remain silent and of his right to obtain counsel. The court held there was no error where, as here, the question of voluntariness was explicitly left to the jury and where they were told to consider the circumstances surrounding the obtaining of the statement. See also 3 Wigmore, Evidence § 861a (Chadbourn rev. 1970), and cases cited.

2. The defendant also contends, without benefit of an assignment of error or any objection or exception at trial, that G. L. c. 234, § 1A (as in effect prior to St. 1978, c. 41, § 1), which permits a judge in his discretion (*Commonwealth* v. *Simpson*, 6 Mass. App. Ct. 856 [1978]) to excuse a female juror if it appears she would be embarrassed by

the testimony at trial, is unconstitutional. He argues that, because the judge gave female jurors the opportunity to be excused without affording possibly sensitive male jurors the same opportunity, he was denied a fair trial. Although we have the power to review a matter where no exception has been saved, we exercise that power sparingly and only where there exists a substantial risk of a miscarriage of justice. *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967). *Commonwealth* v. *Underwood*, 358 Mass. 506, 507-509 (1970). Having looked at the record as a whole we perceive no such risk to the defendant in this case. *Commonwealth* v. *Morgan*, 369 Mass. 332, 335 (1975), cert. denied 427 U.S. 905 (1976).

3. The defendant's second assignment of error challenges the judge's refusal to ask the venire whether they would give special credence to the testimony of a police officer or other person with an official title or position. The extent of the examination of prospective jurors was within the sound discretion of the judge. *Commonwealth* v. *Hogue*, 6 Mass. App. Ct. 901 (1978), and cases cited. The record reveals that the judge carefully questioned the venire concerning possible bias or prejudice. The defendant has failed to persuade us that this case should be distinguished from those which hold that there was no abuse of discretion where the judge refused to ask questions similar to those requested here. *Commonwealth* v. *Pinckney*, 365 Mass. 70, 72 (1974). *Commonwealth* v. *Walker*, 370 Mass. 548, 572, cert. denied, 429 U.S. 943 (1976).

4. The defendant also contends that he was denied a fair and impartial jury by the judge's failure to allow him to exercise certain peremptory challenges he apparently believed he had. This assignment of error is not based on an exception and therefore brings nothing to this court for review. *Commonwealth* v. *Cranshaw*, 4 Mass. App. Ct. 630, 631 (1976). See paragraph 2 *supra*. The record shows that at the conclusion of the hearing on the motions to suppress, the judge inquired whether sixteen jurors

should be impanelled, to which defense counsel responded that fourteen jurors would be sufficient. The judge ruled that fourteen challenges would be available and at no time thereafter did he indicate any change in the number of available challenges, although the clerk mistakenly announced sixteen challenges at the start of trial. Fourteen jurors were impanelled, and the defendant exercised his fourteen challenges without any question being raised at the time the clerk made the mistake.

5. Assuming, without deciding, that the exception on which the defendant's seventh assignment of error was based was timely, we address the issue whether the judge's questioning of the defendant'a alibi witness on cross-examination was proper. The judge had the power to question the defense witness, even though the questions might have tended to reinforce the Commonwealth's case. *Commonwealth* v. *Hanscomb*, 367 Mass. 726, 730 (1975). *Commonwealth* v. *Festa*, 369 Mass. 419, 422 (1976). *Commonwealth* v. *Dias*, 373 Mass. 412, 415-416 (1977). We do not agree with the defendant's view of the judge's questioning as an attempt to impeach the witness. Rather, it appears to us that his questions were designed to clarify matters for the jury. *Commonwealth* v. *Oates*, 327 Mass. 497, 499-500 (1951). *Commonwealth* v. *Fiore*, 364 Mass. 819, 826-827 (1974). *Commonwealth* v. *Dias*, 373 Mass. at 416.

6. The defendant's ninth, eleventh and twelfth assignments of error challenge the instructions to the jury on reasonable doubt. In this regard, he contends that the omission from the charge that the Commonwealth's burden never shifts constitutes reversible error. We have viewed the charge as a whole (*Commonwealth* v. *Pinnick*, 354 Mass. 13, 15 [1968]) and conclude that full and accurate instructions were given. The jury could not possibly have assumed from anything they heard in the charge that the defendant had the burden of proving his innocence at any stage. *Commonwealth* v. *Bartolini*, 299 Mass. 503, 514-515, cert. denied, 304 U.S. 565 (1938). *Com-*

*monwealth* v. *Farrell*, 322 Mass. 606, 619-620 (1948). The defendant's request for instructions was substantially covered by the charge. The judge was not bound to instruct the jury in the exact language suggested by the defendant. *Commonwealth* v. *Edmonds*, 365 Mass. 496, 506 (1974).

The defendant's further contention that the judge erred by failing to include language that the Commonwealth's burden extends to every element necessary for conviction is without merit. The judge specifically charged, "But if when all is said and done there remains in the minds of the jury any reasonable doubt of the existence of *any fact* which is essential to the guilt of the defendant on a particular charge, the defendant must have the benefit of it and cannot be found guilty upon the charge" (emphasis supplied).

Finally, we dispose of the defendant's argument that the judge erred by defining reasonable doubt in the negative. The charge given closely tracked the one approved in *Commonwealth* v. *Madeiros*, 255 Mass. 304 (1926), which has been noted favorably in subsequent opinions as a proper charge on reasonable doubt and the presumption of innocence. For the most recent cases see *Commonwealth* v. *Bjorkman*, 364 Mass. 297, 308-309 (1973); *Commonwealth* v. *Boyd*, 367 Mass. 169, 188 (1975); *Commonwealth* v. *Bohmer*, 374 Mass. 368, 379 (1978); *Commonwealth* v. *Cresta*, 3 Mass. App. Ct. 560, 566 (1975).

7. Other assignments of error which have not been briefed are deemed waived. *Commonwealth* v. *Watkins*, 375 Mass. 472, 474 n.2 (1978), and cases cited.

*Judgments affirmed.*