COMMONWEALTH *vs.* RICHARD A. KNIGHT.

Worcester. September 9, 1980. — October 8, 1980.

Present: HALE, C.J., GRANT, & NOLAN, JJ.

*Witness*, Bias, Cross-examination. *Evidence*, Bias. *Practice, Criminal,* Instructions to jury, Comment by judge.

A new trial of a defendant charged with illegal possession of a shotgun with a barrel less than eighteen inches in length was required by the judge's numerous errors prejudicial to the rights of the defendant. [598]

COMPLAINT received and sworn to in the First Northern Worcester Division of the District Court Department on September 6, 1979.

The case was tried in the Superior Court Department before *McCooey*, J., a District Court judge sitting under statutory authority.

*Claudia C. Conway* for the defendant.

*Beth H. Saltzman,* Assistant District Attorney, for the Commonwealth.

GRANT, J. The appeal is from a jury conviction on a complaint charging the defendant with illegal possession of a shotgun with a barrel less than eighteen inches in length. G. L. c. 269, § 10(*c*), as most recently amended by St. 1978, c. 175, § 2.

1. There is no genuine question as to the sufficiency of the evidence to warrant a rational jury (*Commonwealth* v. *Latimore*, 378 Mass. 671, 677 [1979]) in finding the defendant guilty beyond a reasonable doubt of the offence charged in the complaint.

2. No question was raised below as to a possible variance between the proof and the particulars filed by the prosecu-

tion. See *Commonwealth* v. *DeVincent,* 358 Mass. 592, 596-597 (1971). See also G. L. c. 277, §§ 20 and 35.

3. The trial judge (a District Court judge sitting in the Superior Court) committed numerous errors prejudicial to the rights of the defendant. The judge ruled as matter of law that the defendant had no right to cross-examine a prosecution witness who was arguably subject to prosecution as a participant in the offence charged to the defendant as to whether the assistant district attorney had made any promise or threat to the witness concerning his testimony; the judge excluded a question to another similarly situated prosecution witness as to whether the assistant had promised him that he would not be prosecuted; the judge told the jury, in effect, that a respectable citizen with no record of convictions of serious offences could secure a firearm identification card; the judge told the jury, in effect, that the only persons who are denied licenses to carry firearms are those who are deemed unfit to carry lethal weapons; and the judge instructed the jury on the elements of an offence under the wrong subsection of the statute, namely, G. L. c. 269, § 10 (*a*). We do not suggest that the foregoing list is all-inclusive.

*Judgment reversed.*

*Verdict set aside.*