COMMONWEALTH *vs.* ROBERT S. CROMARTIE. April 10, 1981. The defendant has appealed from his conviction on a complaint charging assault and battery by means of a dangerous weapon (G. L. c. 265, § 15A), having waived indictment under G. L. c. 263, § 4A, as amended by St. 1979 c. 344, § 18. He assigns as error the denial of his motion to suppress certain inculpatory statements made to the police, the admission of certain evidence and the judge's charge.

1. The inculpatory statements of the defendant were not directly made in response to any questions and were made about an hour after Miranda warnings had been given to the defendant, who acknowledged that he understood them. But even if the statements had been prompted

by a question, there was ample evidence to support the judge's findings that the defendant knowingly and intelligently waived his Miranda rights and that there was no violation of those rights. See *Commonwealth* v. *Valliere*, 366 Mass. 479, 487 (1974); *Commonwealth* v. *Cruz*, 373 Mass. 676, 687-688 (1977). Thus, there was no error in the denial of the defendant's motion to suppress the statements. Contrast *Commonwealth* v. *Brant*, 380 Mass. 876, 882-886, cert. denied, 469 U.S. 1004 (1980).

2. At trial there was testimony that the defendant, in responding to a police request to tell them about the fight with the victim, said that he had not seen the victim that night. The defendant made a timely objection to the admission of that testimony. As the defendant was under arrest at the time it was made, the statement, which was in effect an unequivocal denial, should not have been admitted. *Commonwealth* v. *Hosey*, 5 Mass. App. Ct. 138, 141 (1977). See and contrast *Commonwealth* v. *Locke*, 335 Mass. 106, 114-115 (1956). However, the defendant's argument as to harm ("The impact of this evidence could only have been to compromise further the defendant's right to a fair trial") is unpersuasive, and we are of the opinion that in view of his volunteered inculpatory statements, the defendant could not have been harmed by the error.

3. While there were some inappropriate words and phrases in the charge, when considered in its entirety (see *Commonwealth* v. *Sellon*, 380 Mass. 220, 233-234 [1980]), the charge not only treated the defendant fairly, but actually gave him the better of it. It appears to us that trial counsel probably was of the same view and chose to leave well enough alone when, at the conclusion of the charge, he did not take advantage of the opportunity afforded by the judge to make any request for change in or objection to the charge. The defendant's reliance on *Commonwealth* v. *Sneed*, 376 Mass. 867 (1978), and *Commonwealth* v. *Knight*, 10 Mass. App. Ct. 597 (1980), is unavailing as in those cases the charges were more prejudicial than the one in the present case.

The judge's charge on self-defense informed the jury that to warrant his giving an instruction on that point there must be some evidence of self-defense. See *Commonwealth* v. *Rodriguez*, 370 Mass. 684, 687-688 & n.5 (1976). Compare *Commonwealth* v. *Spear*, 2 Mass. App. Ct. 687, 692-693 (1974). He then went on to discuss the evidence on that point and instructed the jury that "the burden is upon the Commonwealth to prove that the accused did not act in self defense." (See *Commonwealth* v. *Rodriguez, supra* at 688; *Mullaney* v. *Wilbur*, 421 U.S. 684, 701-702 [1975].) The defendant contends that there was no request for those instructions and thus they should not have been given as the question of self-defense was not raised at trial. While trial counsel did not use the words "self-defense" in his closing argument, the main thrust of his argument was to the effect that the victim must have had a knife and was the aggressor. In those circumstances the judge quite properly charged the jury

on that issue. Compare *Commonwealth* v. *Rodriguez, supra* at 691-692; *Commonwealth* v. *Harrington,* 379 Mass. 446, 467 (1980). See *Commonwealth* v. *Hogue,* 6 Mass. App. Ct. 901 (1978). The charge on this point was adequate. See *Commonwealth* v. *Robinson,* 382 Mass. 189, 207-209 (1981).

*Judgment affirmed.*

*Joseph D. Steinfield* for the defendant.

*Beth H. Saltzman,* Assistant District Attorney, for the Commonwealth.